### BENSON v. UNITED STATES.

No. 9338.

Circuit Court of Appeals, Fifth Circuit.

June 4, 1940.

Rehearing Denied July 8, 1940.

---

8 See Wilson Act, 26 Stat. 313, 27 U. S.C.A. § 121;
Webb-Kenyon Act, 37 Stat. 699, 27 U. S.C.A. § 122;

Reed Amendment, 39 Stat. 1069, 27 U. S.C.A. § 123.

Louis S. Joel, of Jacksonville, Fla., for appellant.

Herbert S. Phillips, U. S. Atty., of Tampa, Fla., and Wm. A. Paisley, Asst. U. S. Atty., of Jacksonville, Fla., for appellee.

Before HUTCHESON, HOLMES, and McCORD, Circuit Judges.

McCORD, Circuit Judge.

Three indictments were returned against the appellant, Thomas W. Benson. The first indictment was in fifteen counts; the odd-numbered counts charged violation of the mail fraud statute, Section 215 Criminal Code, 18 U.S.C.A. § 338; the even numbered counts charged violation of the Securities Act of 1933, 15 U.S.C.A. § 77q (a) (1). The second indictment charged Benson and others with conspiracy to violate the mail fraud statute and the Securities Act. The third indictment charged Benson and certain stock salesmen with the substantive offense of using the mails to defraud. By order of the court the three indictments were consolidated for trial. Benson was found guilty under all three indictments, and three of his codefendants were found guilty under the second indictment. The court sentenced Benson to serve eighteen months under each indictment, the sentences to run concurrently, and he appealed.

Benson did not employ counsel to represent him at the trial and although the court offered to appoint counsel for him he preferred to represent himself and refused the offer of counsel and proceeded to represent himself throughout the proceedings. The evidence presented at the trial is not made a part of the record and the only complaint made is to the court's charge to the jury. At no time prior to conviction did Benson make any objection or exception to the charge of the court and it does not appear that the court refused to give any requested instruction.

Benson now contends that he did not object to the charge because he was not learned in the law and says that the judgments of conviction should be reversed because of errors which he asserts were seriously prejudicial to his rights.

█ It is the rule in federal courts that alleged trial errors should be specifically called to the attention of the trial judge so that he might have opportunity to rectify the mistake if he has made one. In the absence of objection and exception appellate courts will ordinarily not review such alleged errors. Appellate courts, however, under exceptional circumstances, especially in criminal cases where the life or liberty of a defendant is at stake, "may, of their own motion, notice errors to which no exception has been taken, if the errors are obvious, or if they otherwise seriously affect the fairness, integrity, or public reputation of judicial proceedings." United States v. Atkinson, 297 U.S. 157, 160, 56 S.Ct. 391, 392, 80 L.Ed. 555.

█ Although no exception or objection was taken we have carefully examined the record before us and we find no error prejudicial to the rights of the defendant. Edgmon v. United States, 10 Cir., 87 F.2d 13; Thomas v. District of Columbia, 67 App.D.C. 179, 90 F.2d 424.

The judgment is affirmed.