**SANG SOON SUR v. UNITED STATES.**

No. 11339.

Circuit Court of Appeals, Ninth Circuit.

March 31, 1948.

Hyman M. Greenstein, of Honolulu, T. H., for appellant.

Ray J. O'Brien, U. S. Atty., Edward A. Towse, Asst. U. S. Atty., both of Honolulu, T. H., Frank J. Hennessy, U. S. Atty., and Robert B. McMillan, Asst. U. S. Atty., both of San Francisco, Cal., for appellee.

Before MATHEWS, HEALY and ORR, Circuit Judges.

ORR, Circuit Judge.

Appellant is a Korean and a resident of the Territory of Hawaii. He is unable to readily understand or speak the English language. He was suspected of having evaded income tax payments and as a result a Special Agent of the Bureau of Internal Revenue made an investigation of appellant's business and financial affairs. During the course of the investigation the Revenue Agent obtained from appellant a so-called confession, or admission. The appellant talked to the agent through an interpreter, appellant's son acting in that capacity. The Revenue Agent, at the outset of the examination, advised appellant of his right to refuse to answer any questions which might tend to incriminate him and that any information he might give could be used against him at a trial. The agent then asked a few questions as to appellant's name, residence and family status. The following questions were then asked

by the agent and the following answers made by appellant:

"Q. Have you ever been arrested? A. Yes.

"Q. When were you arrested and where? A. July 1943. I got license for rooming house late and had to pay $10.00 fine. Arrested once or twice for fighting.

"Q. Where? A. Honolulu.

"Q. When? A. Over five or six years ago.

"Q. How many? A. Two or three years before 1938. 1936 charged with holding some opium. 1934 had some opium, Federal caught me and I got $100.00 fine and five years suspended sentence. * * *

"Q. Did you plead guilty? A. Pleaded guilty.

"Q. Any other arrests? A. No.

"Q. Were you arrested before 1934? A. Possessed opium and arrested two—three times for fighting by City Police in Honolulu. 1 case I fought and case dropped in court.

"Q. Ever spend any time in jail? A. No."

Then followed questions and answers relative to income tax matters.

The statement made by appellant was reduced to writing and signed and sworn to by him. Subsequently, appellant was charged with a violation of 26 U.S.C.A. Int.Rev.Code, § 145(b), tried and convicted.

The statement made by appellant to the Revenue Agent was introduced into evidence at the trial, without objection, and filed as an exhibit by the Clerk, but was not read to the jury nor were they permitted to inspect it at that time. On the following day the Assistant United States Attorney asked and received permission of the Court to read the statement to the jury. The reading of the statement was interrupted by counsel for appellant immediately after the following portion thereof had been read to the jury:

"A. Two or three years before 1938. 1936 charged with holding some opium. 1934 had some opium, Federal caught me and I got $100.00 fine and five years suspended sentence."

After such interruption the following colloquy occurred between the Court and counsel for appellant:

"Mr. Greenstein: If the Court please, may I interrupt at this time? I don't know what is in those statements, but I would like to move that such questions and answers as may relate to prior offenses be stricken as being unduly prejudicial.

"The Court: What is that?

"Mr. Greenstein: I'd like to move that such items as may appear in the statements or confessions that are being read that have no relation to taxable liability for the years 1942 or '43 be stricken—

"The Court: Overruled.

"Mr. Greenstein: —as highly prejudicial.

"The Court: Overruled."

The admission of the evidence of independent crimes was error. Its admission cannot be justified under any of the exceptions to the general rule. We fail to perceive any relevancy between an evasion of the payment of income taxes and a conviction for the possession of opium. Such an error must have resulted in prejudice to appellant, more so perhaps, because of his nationality and alien status.

Appellant entered the trial with a presumption of good reputation. He did not put his reputation in issue. Crawford v. United States, 59 App.D.C. 356, 41 F.2d 979. The introduction of evidence of the commission of independent crimes through the medium of the statement or confession cannot be justified on the ground that the relevant portions thereof could not be segregated from the irrelevant. Such a segregation could easily have been made without impairing the force and value of the statement relative to the income tax evasion. Here the effect of the challenged evidence could have had no other effect than to divert the minds of the jurors from the real issue and we are unable to say that it was not a determining factor in the minds of the jurors in reaching their verdict of guilty. As was said in the case of United States v. Dressler, 7 Cir., 112 F.2d 972, 977: " * * * it is inconsistent with our traditional conception of a fair trial to permit any information to go to a jury which might

influence a jury to convict a defendant for any reason other than that he is guilty of the specific offense with which he **is** charged."

■ Appellee argues that the errors here complained of are not of such magnitude as would sway the conscience of a jury in arriving at a determination of the guilt of appellant. On the contrary, we feel it may well have had precisely that effect. The knowledge that undue prejudice would be the inevitable result of bringing to the attention of a jury crimes committed by a defendant other than the one for which he was being tried brought about the establishment of the rule excluding such evidence, with certain exceptions. Appellee reminds us that it is only glaring and obviously harmful error which warrants reversal. Granting such may be the rule, we find no difficulty in so classifying the error complained of here. In reaching this conclusion we are not unmindful that the rule formerly existing, that error being shown prejudice must be presumed, is no longer the law, and that the error must be regarded as harmless if upon an examination of the entire record substantial prejudice does not appear. Berger v. United States, 295 U.S. 78, 55 S.Ct. 629, 79 L.Ed. 1314.

■ We note the failure of appellant's counsel to object to the introduction of the statement into evidence at the time it was received. Ordinarily such a failure forecloses a party from taking advantage of an alleged error in the introduction of improper evidence. A motion to strike was made. The granting or denial of such a motion is within the sound discretion of the trial court, and a refusal by a court to grant such a motion will not be disturbed unless an abuse of discretion appears. In this case there is such abuse of discretion. It is true that insofar as evidence of certain of the criminal activities of appellant as set forth in the statement is concerned, the damage had been done by reading that portion of the statement to the jury before appellant's counsel took steps to protect his client's rights, but a granting of the motion would have prevented the remaining and perhaps the more damaging portion from being presented to the jury. Evi-

dence of the character complained of in this case has been held to be of such a prejudicial character that cautionary instructions on the part of the Court to disregard it after it has been erroneously introduced cannot cure its harmful effect. Boyd v. United States, 142 U.S. 450, 458, 12 S.Ct. 292, 35 L.Ed. 1077. However, no such instructions were given in this case, and the jurors were left to give it such force and effect as they saw fit.

Upon an examination of the entire record we cannot say that substantial prejudice does not appear. The judgment and conviction appealed from are reversed.