**MICHENER v. UNITED STATES.**

No. 13729.

United States Court of Appeals
Eighth Circuit.

Nov. 2, 1948.

Elliott W. Michener, pro se.

Victor E. Anderson, U. S. Atty., and James J. Giblin, Asst. U. S. Atty., both of St. Paul, Minn., for appellee.

Before GARDNER, Chief Judge, and WOODROUGH and RIDDICK, Circuit Judges.

RIDDICK, Circuit Judge.

On May 12, 1936, on his plea of guilty, appellant was sentenced by the United States District Court for the District of Minnesota on two counts of an indictment returned in that court charging him with violations of section 264, Title 18, U. S. C.A.[1] This appeal is from the order entered March 23, 1948, denying appellant's motion to vacate the judgment and sentence on the first count of the indictment, the ground of the motion being that count one was so insufficient in essential averments that it failed to charge a crime.

Appellant was sentenced to 15 years imprisonment on each count of the indictment, the sentences to run consecutively. The first count of the indictment charged that:

"* * * on or about August 25, 1934, at Number 316½ West First Street, in the City of Duluth, in the County of St. Louis, in the state and district of Minnesota, and within the jurisdiction of this Court," the appellant and another "then and there being, unlawfully did cause and procure to be made a certain plate in the likeness of a plate designated and prepared by the direction of the Secretary of the Treasury of the United States, for the printing in the Bureau of Printing and Engraving of the United States, of that certain obliga-tion of the United States, to wit:" (then followed a description of the certain obligation of the United States).

The second count of the indictment charged that appellant and another on the same date "* * * unlawfully did have in their control, custody and possession that certain plate (describing it) * * * with intent then and there on the part of defendants to use said plate in counterfeiting Federal Reserve Notes * * *."

The pertinent part of the Act under which the indictment was drawn is as follows:

"* * * or whoever by any way, art, or means shall make or execute, or cause or procure to be made or executed, or shall assist in making or executing any plate, stone, or other thing in the likeness of any plate designated for the printing of such obligation or other security; * * * or whoever shall have in his control, custody, or possession any plate, stone, or other thing in any manner made after or in the similitude of any plate, stone, or other thing, from which any such obligation or other security has been printed, with intent to use such plate, stone, or other thing, or to suffer the same to be used in forging or counterfeiting any such obligation or other security, or any part thereof; * * * shall be fined not more that $5,000, or imprisoned not more than fifteen years, or both."

The sufficiency of count one to charge a violation of the Act under which the indictment is brought is challenged on the ground that it "fails to name the person or persons who were caused and procured to make the plate" therein described, and fails to allege that the plate was made either with criminal intent or without proper authority. The supporting argument is that, by reason of the alleged omissions, count one failed to furnish the appellant with such a description of the charge against him as would enable him to make his defense and avail himself of his conviction or acquittal as protection against further prosecution for the same cause.

Appellant's criticisms of the indictment, made for the first time nearly

---

[1] In 1948 Revision, 18 U.S.C.A. § 474.

twelve years after conviction and sentence, go to matters of form and not of substance. As such they come too late. Nothing in the record indicates that the appellant was prejudiced by the absence from the indictment of the allegations which he now says should have been included in it. "Upon a proceeding after verdict at least, no prejudice being shown, it is enough that the necessary facts appear in any form, or by fair construction can be found within the terms of the indictment." Hagner v. United States, 285 U.S. 427, 433, 52 S.Ct. 417, 420, 76 L.Ed. 861; Kane v. United States, 8 Cir., 120 F.2d 990, 992; Keys v. United States, 8 Cir., 126 F.2d 181, 184; United States v. Achtner, 2 Cir., 144 F.2d 49.

"No indictment found and presented by a grand jury * * * shall be deemed insufficient, nor shall the trial, judgment, or other proceeding thereon be affected by reason of any defect or imperfection in matter of form only, which shall not tend to the prejudice of the defendant." 18 U. S.C.A. § 556.[2]

■ "If the indictment or information fails to allege any matter of substance, that is, any material ingredient of the crime, it is fatally defective. If, however, it fails to advise the defendant with sufficient particularity of matters necessary to enable him to prepare his defense and to safeguard him from further prosecution for the same act, such details may be supplied by a bill of particulars without affecting the integrity of the prosecution. In such case, the duty devolves upon a defendant to make seasonable and appropriate application for the information desired." Myers v. United States, 8 Cir., 15 F.2d 977, 985.

■ For the purpose of the present proceeding it is not important that the indictment may conceivably have been vulnerable to the attack leveled against it had that attack been promptly made in the trial court. By his plea of guilty appellant waived all defenses other than that count one of the indictment charged no offense.

Weatherby v. United States, 10 Cir., 150 F.2d 465, 466; Compare Morgan v. United States, 10 Cir., 159 F.2d 85, 87.

■ Tested by these rules, we conclude that count one sufficiently alleged the material ingredients of the crime denounced by the Act under which the indictment was drawn. The charge that appellant unlawfully procured the plate to be made is, by fair construction at least, the charge that the plate was unlawfully made and hence without authority of the Secretary of the Treasury. The crime denounced by the statute is the act of unlawfully making or procuring to be made a plate in the likeness of any plate designated for the printing of obligations of the United States. The crime is complete when the plate is unlawfully made or procured to be made. Michener v. United States, 8 Cir., 157 F.2d 616, 620, reversed on other grounds 331 U.S. 789, 67 S.Ct. 1509, 91 L.Ed. 1818. The intent to use the plate unlawfully is not a necessary ingredient of the crime, but, even so, the charge of intent to unlawfully use it is implicit in the charge of unlawful making.

■ Appellant's apprehension of a second conviction for the same offense has no basis in reason in view of the fact that twelve years have elapsed since his first conviction. 18 U.S.C.A. §§ 582, 587.[3] The time and place of the commission of the offense for which appellant was convicted are charged with such particularity that appellant knew without further information from the indictment the person or persons, if any, caused by him to make the plate. The naming of them is not an essential element of the offense denounced by the statute (see Baker v. United States, 8 Cir., 115 F.2d 533, 538), and parol evidence is "always admissible, and sometimes necessary, to establish the defense of prior conviction or acquittal." Myers v. United States, supra, 15 F.2d at page 983.

The judgment of the District Court is affirmed.

---

2 Repealed by Act June 25, 1948, c. 645, § 21, 62 Stat. 683. Supplanted by Federal Rules of Criminal Procedure, Rules 7(c), 52(a), 18 U.S.C.A.