**MICHENER v. UNITED STATES.**

No. 13909.

United States Court of Appeals
Eighth Circuit.

April 24, 1950.

Elliott W. Michener, pro se.

John W. Graff, former United States Attorney, C. U. Landrum, present United States Attorney, and James J. Giblin, Assistant United States Attorney, St. Paul, Minn., were on the briefs for appellee.

Before GARDNER, Chief Judge, and WOODROUGH and THOMAS, Circuit Judges.

WOODROUGH, Circuit Judge.

This appeal was submitted at a former term, and it appearing that no findings of fact and conclusions of law accompanied the final order sought to be reviewed, we remanded the case to the trial court with directions to make such findings and conclusions on the record as it then stood without retrial. Michener v. United States, 8 Cir., 177 F.2d 422. Our mandate was complied with and the record now includes

the required findings and conclusions. Supplemental briefs have been filed and the reinstated appeal is again submitted for determination.

### Statement.

It appears that the Minnesota federal court sentenced appellant on his plea of guilty on two counts of an indictment charging him with violation of 18 U.S.C.A. § 264, 1948 revision, Sec. 474, the appellant not being represented by counsel at either arraignment or sentence. The sentence dated May 12, 1936, was fifteen years imprisonment on each count of the indictment, to run consecutively. The first count charged that [170 F.2d 973, 974], "'* * * on or about August 25, 1934, at Number 316½ West First Street, in the City of Duluth, in the County of St. Louis, in the state and district of Minnesota, and within the jurisdiction of this Court,' the appellant and another 'then and there being, unlawfully did cause and procure to be made a certain plate in the likeness of a plate designated and prepared by the direction of the Secretary of the Treasury of the United States, for the printing in the Bureau of Printing and Engraving of the United States, of that certain obligation of the United States, to wit:' * * *".

The second count charged that, "Appellant and another on the same date '* * * unlawfully did have in their control, custody and possession that certain plate * * * with intent then and there on the part of defendants to use said plate in counterfeiting Federal Reserve Notes * * *.'"

Appellant was twenty nine years of age at the time of the sentence and was then serving a thirty-five year sentence in the Wisconsin State Penitentiary pursuant to a judgment entered against him in Wisconsin in 1935 on his plea of guilty to a charge of forgery. The record shows that he was released from the Wisconsin Penitentiary in 1939 and was then taken into federal custody and is serving his federal sentence.

In 1942 appellant made application to the District Court in California for the writ of habeas corpus alleging that he had not competently waived his right to assistance of counsel at his arraignment and sentence. The writ was issued, and after a hearing on the return, at which time appellant was represented by counsel, the trial court ordered the writ discharged. On appeal, the Court of Appeals for the 9th Circuit remanded the cause for appropriate findings on the subject of appellant's competent waiver of assistance of counsel, that court holding "* * * A conclusion that there was an intelligent waiver of the right to the assistance of counsel upon arraignment could not properly be predicated merely on the finding that petitioner had been informed of his right to counsel 'in the event he is not guilty and wants to stand trial.'" Michener v. Johnston, Warden, 141 F.2d 171, 175. Upon remand the lower court made and entered a finding that "petitioner intelligently, competently and intentionally waived his right of assistance of counsel." On second appeal to the 9th Circuit, Michener v. Johnston, Warden, 146 F.2d 129, 130, that court held that finding sufficient and affirmed denial of the writ.

On March 26, 1946, appellant filed a motion in the sentencing court in Minnesota to vacate judgment and sentence on the second count of the indictment, "for the reason that arraignment upon that Count was in violation of the former jeopardy clause as set forth in the 5th Amendment to the Constitution of the United States, and that said judgment and sentence are void." Appellant contended that "the same evidence which proves a violation of the first provision of the statute [against manufacture] is in itself sufficient to prove a violation of the second provision [against (1) possession of a plate with (2) the intent that it is used or suffered to be used in printing counterfeit notes]." From an order denying appellant's motion appeal was taken to this court which reversed and remanded the cause with direction to modify and correct the sentence and judgment by vacating that part which adjudged appellant guilty under count two of the indictment. Michener v. United States, 8 Cir., 157 F.2d 616. The Supreme Court reversed, 331 U.S. 789, 67 S.Ct. 1509, 91 L.Ed. 1818.

On December 5, 1947, appellant filed a motion in the sentencing court to vacate judgment and sentence on count one of the indictment "for the reason that that Count is lacking in essential averments and fails to charge a crime" * * * and that "defendant was thus deprived of the protection of the 6th Amendment." On appeal from a denial of the motion, we affirmed, Michener v. United States, 8 Cir., 170 F.2d 973.

On November 9, 1948, appellant filed the motion in the sentencing court, the denial of which is here appealed from, to vacate judgment and sentence under count two of the indictment, supra, on substantially the following grounds: (1) defendant's plea of guilty to count two was obtained by means of misrepresentations made to him by the Assistant United States Attorney; (2) defendant was deprived of his constitutional rights to due process because Assistant United States Attorney misstated to the trial court before the plea was entered that defendant had been fully informed of his constitutional rights; (3) the trial court failed in its solemn duty to protect the constitutional rights of the defendant; (4) defendant's plea of guilty to count two was not understandingly or voluntarily made. In support of his motion appellant attached thereto certified copy of the transcript of testimony of the Assistant United States Attorney who was alleged to have made the misrepresentations, appellant's own affidavit, the affidavit of the co-defendant Richard C. Franseen, and a copy of a letter from the United States Marshal addressed to appellant.

## Opinion.

■ (1) Appellant contends that his plea of guilty to count two of the indictment was obtained by means of misrepresentation made to him by the Assistant United States Attorney, George A. Heisey, in that Heisey informed him that if appellant pleaded guilty to the indictment, that he, appellant, "would doubtless be allowed to begin service of his sentence in a federal penitentiary instead of being returned to Wisconsin." That Heisey gave appellant every reason to think that the matter lay within the trial court's discretion when Heisey well knew that the trial judge had no control over the same. That Heisey further informed appellant that "he would not be permitted to plead guilty to a part of the indictment, but only to the whole indictment." Relative to this issue of misrepresentation, the trial court made the following findings of fact, all of which appellant contends have no support in the evidence:

### Finding VIII.

"That said defendant Michener was removed from Wisconsin State Prison to Duluth, Minnesota, for the purpose of arraignment in this case, and he was at that time serving a sentence or sentences of some 35 years and had several years at least, left to serve therein, and defendant then knew that no matter what happened in the case at Duluth, he would have to be returned to Wisconsin immediately after sentence in this case was imposed, to continue serving the remainder of his sentence there."

### Finding X.

"That said defendant was not prejudiced or misled by the statement of Mr. Heisey that if he pleaded 'guilty' at all, that he would have to plead 'guilty' to both counts."

### Finding XI.

"That said Heisey made no promise or representation to the defendant that if he entered a plea of 'guilty' he could commence service of his Federal sentence immediately, other than to express a possibility thereof that he would speak to the Court about defendant's desire therein, and Mr. Heisey did advise the Court about defendant's desire in the matter and defendant was neither prejudiced nor misled in the premises."

### Finding XII.

"That Mr. Heisey did not mislead said defendant into believing that it lay within the discretion of the Federal Judge to determine whether defendant would have to continue serving his sentence in Wisconsin State Prison, and defendant knew when he entered his plea of 'guilty' that he would be returned to Wisconsin, and he believed that whether and when he would be released for service of the federal sentence would rest with the Wisconsin authorities."

## Finding XIII.

"That defendant Michener was willing to plead 'guilty' to any and all charges that were laid in the Indictment, and he desired no leniency because he believed that when he would be released from Wisconsin State Prison to commence service of the Federal sentence, would depend upon his receiving a long sentence in this case."

## Finding XIV.

"That defendant's plea of 'guilty' to count two was not obtained by any misrepresentation by Mr. Heisey to the defendant, or to the Court."

From a careful examination of the record we are unable to find any merit in the appellant's contentions that the court's findings are not supported by the evidence. There is nothing in the record to indicate Heisey made any promises to appellant in relation to appellant's desire of not returning to the Wisconsin Penitentiary. In the deposition by Heisey, attached to both original and supplemental records, he makes no mention of any such arrangement made with appellant. Appellant insists, however, that Heisey did speak favorably to the Court about the matter and that the Court answered, "I think that can be arranged." Appellant asserts in his own brief, however, that he is not claiming that Heisey promised him anything, but rather "presented it as a possibility only." Appellant also stated in his brief: "In bargaining for himself the appellant asked only for commitment to a federal penitentiary, as described; and since he understood that his chances in this respect [not having to return to Wisconsin and being immediately committed to a federal penitentiary] might be proportional to the length of his sentence, a reduction of the charge against him was the one thing he didn't want. He told Heisey, in fact, that he was not concerned about how much time he got, providing he was sent to a federal penitentia-

ry." From that statement it is impossible to conclude otherwise than that appellant well knew the Wisconsin sentence was still applicable to him. He had, it must be remembered, violated the laws of that state and was serving a thirty-five year sentence, of which he had some thirty years to serve at the time of his sentence in the instant case. He did not believe that his violation of federal law and sentence therefor would relieve him of the penalty for his offense against the State. The record indicates merely that he hoped that his receiving a long federal sentence might bring about an earlier release for him from the Wisconsin penitentiary. And the record does show that after only approximately three more years at Wisconsin after the federal sentence was imposed he began to serve for his federal violation in a federal prison.

Appellant also contends that Heisey informed him that "he [appellant] would have to plead [guilty] to the indictment as a whole", which information was gross misrepresentation and false legal advice by virtue of the case of Von Moltke v. Gillies, 332 U.S. 708, 68 S.Ct. 316, 325, 92 L.Ed. 309. The contention is inconsistent with what appellant said he wanted at the time of arraignment and sentence. In his own words he asked Heisey "only for commitment to a federal penitentiary, as described; and since he understood that his chances in this respect might be proportional to the length of his sentence, a reduction of the charge against him was the one thing he didn't want. He told Heisey, in fact, that he was not concerned about how much time he got, providing he was sent to a federal penitentiary." (Emphasis appellant's.) He was not concerned about the number of the counts to which he pleaded. The record and appellant's own statements in his briefs clearly support this conclusion. Furthermore, the real purport of Heisey's statement that appellant would have to plead guilty to the indictment as a whole is to be found in Heisey's deposition.[1] It

---

[1] "I was acquainted with the criminal activities in Minnesota and elsewhere on the part of these men previous to the indictment found in St. Paul. I refer to the indictment that is involved in these present habeas corpus proceedings. I knew, from the files and reports in my possession, and from correspondence I had had with others in other jurisdictions in which Michener and Franceen

thus appears that Heisey told both appellant and his co-defendant, Franseen, that regardless of appellant's willingness to bargain, he would have to insist that he plead guilty to the whole indictment in view of the circumstances that there were other criminal activities in Minnesota on which no indictments had been found at that time. But we find nothing in the record to indicate that Heisey's demand was intended to, nor did it, mislead appellant into believing that, according to law, he must plead the same way to the whole indictment and could not plead guilty to one count and not guilty to the other. Appellant himself states that he desired a long federal sentence, hoping thereby to diminish the length of his Wisconsin sentence and his present contention that he was led by misrepresentation to plead guilty to both counts is obviously a mere afterthought. His hope of diminishing the Wisconsin imprisonment motivated his action and as shown by the record, his imprisonment in that state was cut down about twenty seven years. The Von Moltke case, cited by appellant, affords no support for appellant's position here.

■ (2) Appellant next urges that Heisey stated erroneously to the trial court that appellant and Franseen had been fully informed of their constitutional rights and that such erroneous statement deprived appellant of his constitutional right to due process. Specifically, appellant points out that he was informed by Heisey that he was entitled to the assistance of counsel in the event he was not guilty and wanted to stand trial. Appellant charges this as misrepresentation since he was lawfully entitled to counsel even though he desired to plead guilty, and that Heisey's statement led him to believe that only in the event he wanted to plead not guilty and stand trial was he entitled to assistance of counsel. But even though appellant did construe Heisey's statement in that light, we fail to find how appellant was prejudiced thereby. He wanted as long a federal sentence as he could get, hoping thereby to reduce the thirty years remaining on his Wisconsin sentence. He now necessarily implies by his argument that even though he had decided to plead guilty, had he been assisted by counsel, his sentences under the two

were in custody, that both these men had previous records of felony convictions. I knew particularly that Michener who at that time was serving certain sentences in Wisconsin State Penitentiary at Waupun, Wisconsin, was confined in that institution by reason of having pleaded guilty to, and been sentenced on, quite a number of felony counts, involving as I recall it, burglary, larceny, and several counts of forgery, and that Michener had been sentenced to serve in the aggregate, a long term of imprisonment in Wisconsin. I think the sentences he was serving in Wisconsin at the time he was brought to Minnesota aggregated some thirty or thirty-five years.

\* \* \* \* \* \* \*

"I recall distinctly that Michener, who appeared to want to bargain not only for both men but particularly for Franseen, indicated in the first instance that they would be willing to plead to one count of the indictment. I had in mind of course their other criminal activities in Minnesota, on which no indictments had been found as yet, and I told those men that in the circumstances I would have to insist that they both plead to the whole in-

dictment, and that in all probability such a plea and the sentence imposed in pursuance thereof would wipe the slate clean in Minnesota so far as they were concerned, having in mind that both of them were under sentence elsewhere.

"I recall distinctly that Michener asked that, in the event a plea of guilty was entered to both counts of the indictment I recommend leniency for Franceen. Michener's attitude seemed to be that he did not particularly care what happened to him, but for some reason which I do not now recall specifically, he seemed to be solicitous of Franceen's future welfare. I told those men that I would not make any recommendation to the Court in the case, but that if they decided to plead guilty to both counts of the indictment it was my duty to tell the Court the whole story of their previous convictions, and their previous criminal activities as indicated in the reports and files in my possession, and that I would tell Judge Bell when I presented the matter pursuant to the pleas of guilty that he, Michener, was exceedingly anxious that Franceen be treated less severely than he, Michener, was treated, in connection with the sentences imposed."

counts of the indictment might have been less—which he earnestly and repeatedly asserts in the briefs now before us was the one thing he didn't want. Heisey's statement, therefore, appears to be clearly without prejudice to appellant's constitutional rights. Appellant wanted to plead guilty, and the 9th Circuit, in Michener v. Johnston, supra, held that he had "intelligently, competently and intentionally waived his right of assistance of counsel."[2] We find no plain error or defect prejudicially affecting appellant's rights resulting from any misrepresentation given him by Heisey. Cf. Rule 52, Federal Rules of Criminal Procedure, 18 U.S.C.A., and see Wiborg v. United States, 163 U.S. 632, 658, 16 S.Ct. 1127, 1197, 41 L.Ed. 289; Todorow v. United States, 9 Cir., 173 F.2d 439, 448; Smith v. United States, 9 Cir., 173 F.2d 181, 184, 186; Upshaw v. United States, 83 U.S.App.D.C. 207, 168 F.2d 167; Sang Soon Sur v. United States, 9 Cir., 167 F.2d 431, 433; Giles v. United States, 9 Cir., 144 F.2d 860, 861; Benson v. United States, 5 Cir., 112 F.2d 422, 423. On this issue the court found: "That before the defendant entered his plea of 'guilty' to count two, he was advised by Mr. Heisey of his right to assistance of counsel, to be appointed by the Court if he was without funds, at arraignment or on the trial if he wanted a trial, which he could have if he desired, and though Mr. Heisey advised the Court at the time of arraignment that he had advised the defendant of his constitutional right, that was not a misstatement and it did not deprive the defendant of his constitutional right to due process." This finding is supported by the record and by the finding as to appellant's waiver of counsel, affirmed in 146 F.2d 129, 130, implicit in which finding is the conclusion that appellant had not been misled by any statement made by Mr. Heisey.

(3) Appellant also argues that the trial court failed in its duty to protect his constitutional rights in that the court made no effort to determine whether there was a "knowing" waiver of counsel before pleading; the court failed to consider the sufficiency of the indictment; the court failed to explain the charges; the court failed to explain possible defenses and possible penalties. We find no merit in any of these contentions. The trial court found:

### Finding XVI.

"That at the time of arraignment and sentence, said Heisey related to the Court the facts and circumstances surrounding the commission of the offense laid in the Indictment and other matters, and the defendant was at that time a middle age man of considerable education and experience in criminal court proceedings, and the Court at that time considered and found, and now finds that said defendant Michener intelligently and competently waived representation by counsel and that the defendant was in no respect prejudiced or denied any constitutional right by failure of the Court to express his views as to the sufficiency of the Indictment, possible defenses or penalties."

This finding is supported by the evidence. The question of waiver of counsel is not before us. Wallace v. United States, 8 Cir., 174 F.2d 112, 117. Moreover, appellant in his briefs on this appeal states "the question of denial of counsel is not here raised." As to the indictment, if the trial court failed to consider the sufficiency thereof, it was certainly not prejudicial since at a subsequent time, on appellant's motion to vacate judgment and sentence on count one, filed December 5, 1947, supra, on the ground that the indictment was insufficient, the lower court held adversely to appellant and we affirmed, 170 F.2d 973, supra. And

2. In the Von Moltke case there was a remand to the trial court to determine the question whether "petitioner did not competently, intelligently, and with full understanding of the implications, waive her constitutional right to counsel." And if she did not so waive, an order should be entered releasing her from custody. In the instant case, on that precise question of waiver of counsel, there was a finding by the trial court that appellant "intelligently, competently and intentionally waived his right of assistance of counsel" and that finding was affirmed, supra, 146 F.2d 129, 130.

there is no showing in the record that the charges were not explained to appellant. Heisey deposed that according to his invariable practice he informed appellant and Franseen with reference to the two charges that were contained in the indictment, and he so informed the lower court. The court found:

Finding IX.

"That said defendant knew when he entered his plea of 'guilty' that there were two separate offenses stated in the indictment for which he could be sentenced separately, and he fully understood the nature of the charges, and his plea of 'guilty' to the second count of the Indictment was understandingly and voluntarily made and he had been fully advised as to the nature of the charges by said George A. Heisey before the plea of 'guilty' was entered."

In his attempt to bargain about his sentence appellant told Heisey he would be willing to plead guilty to any and all federal charges and he then competently, intelligently and intentionally waived assistance of counsel. It is not necessary that the trial judge shall give the accused an explanation or analysis of the charges in an indictment. It is enough that they be explained and set out by the United States Attorney, who is an officer of the court. The trial judge should ascertain that the charges are thoroughly understood by the accused. The record here convinces that appellant well knew what the charges were and the trial court's finding in that respect was not erroneous.

◼ Nor is it the duty of the trial court judge to explain and set out for an accused the possible defenses he might adduce to the charges against him. If an accused were represented by counsel, it most obviously is not the duty nor the privilege of the judge to suggest or explain possible defenses in behalf of accused. And upon finding a competent, intelligent and intentional waiver of counsel, it is not then any the more the duty of the trial judge to advise an accused respecting possible defenses. It is the responsibility of the court that the accused has been informed of his right to counsel and to appoint counsel if accused is unable to procure one and if the accused so desires. But it is not the duty or the responsibility of the trial judge to give legal advice to an accused, or to any party in any federal proceeding. Cf. Holmes v. United States, 8 Cir., 126 F.2d 431, 433.

◼ Appellant also urges that the trial court failed in its constitutional duty of affording the accused due process by not explaining and counseling accused on "the close relationship between the two counts of the indictment." And that because of this failure, appellant has never had a chance to defend himself under the second count, supra, of the indictment. There is no merit in this contention. Heisey deposed that he had advised appellant as to the nature of the two counts of the indictment and of his constitutional rights to counsel. All the evidence and the circumstances and appellant's own statements, discussed at length, supra, convince that appellant, in attempting to bargain with Heisey, well knew that there were two charges pending against himself and Franseen, each separately punishable. No prejudice resulted to appellant because the indictment was explained to him by the Assistant United States Attorney rather than by the trial judge.

Other points raised by appellant in his motion require no discussion here as they are either immaterial to the issue involved or have been answered in substance herein.

A thorough and careful examination of the original and supplemental record has failed to disclose any error affecting the substantial rights of appellant and the denial of his motion to vacate judgment and sentence on the second count of the indictment is accordingly affirmed.

Affirmed.