**UNITED STATES of America,**
**Plaintiff,**

v.

**Francis Xavier SPINLEY, Defendant.**

**Crim. No. E–4059.**

United States District Court
W. D. Pennsylvania.

Feb. 21, 1956.

GOURLEY, Chief Judge.

This motion to dismiss the indictment is predicated upon the proposition that counsel was not made available to petitioner until one day after his indictment which, for all practical purposes, denied him opportunity to object to the complement of the grand jury which returned the indictment.

It is my judgment that the rule of law enunciated in the recent decision of the United States Supreme Court, Reece v. State of Georgia, 350 U.S. 85, 76 S.Ct. 167, has no application to the instant proceeding since petitioner had ample opportunity to move for quashing of the indictment from the period of indictment until the time of trial or entry of a plea, and the opportunity to exercise such right was never denied.

Petitioner having failed to attack the indictment before his entry of plea of guilty, he is now barred from maintaining this belated motion. United States v. Williams, 5 Cir., 203 F.2d 572; Cratty v. United States, 82 U.S.App.D.C. 236, 163 F.2d 844.

Moreover, petitioner fails to allege any irregularity in drawing or empaneling of the grand jury which tended to his injury or prejudice. Romney v. United States, 83 U.S.App.D.C. 150, 167 F.2d 521.

Motion to dismiss the indictment will be refused. An appropriate Order is entered.