Gordon R. **HOPKINS** and Joseph J. Bongiorno, Appellants,

v.

**UNITED STATES** of America, Appellee.

No. 17844.

United States Court of Appeals Eighth Circuit.

April 21, 1965.

Gordon R. Hopkins and Joseph J. Bongiorno, appellants pro se.

Donald A. Wine, U. S. Atty., Des Moines, Iowa, for appellee.

Before VOGEL and BLACKMUN, Circuit Judges, and REGISTER, District Judge.

REGISTER, District Judge.

This appeal is from a final order filed September 1, 1964, denying appellants' motion to vacate and set aside judgment and sentence pursuant to 28 U.S.C.A. § 2255.

The bases of appellants' present motion,[1] as therein set forth, are in the form of questions, and are as follows:

"I. Is a proceeding before a Federal Grand Jury a necessary step in a criminal case, *'where the accused must be represented by counsel'*, if he is compelled to appear personally in open court before such Grand Jury?

"II. Does a United States District Court have power and authority to compel an accused to appear personally in open court before a Federal Grand Jury *'without violating his constitutional privilege against self incrimination?'* "

In their brief on appeal, appellants have restated their "points presented for reversal" in the following language:

"1. It is a violation of the Fifth Amendment to require a defendant in a criminal case, without his per-

---

1. The record indicates that a prior 2255 motion was, on December 15, 1960, determined adversely to these appellants. We affirmed such determination on May 9, 1961 (Misc. No. 114), holding that the attack there made upon the indictment amounted to legal frivolity.

mission to appear before the Grand Jury for the purpose of asking him anything.

"2. An appearance before a Grand Jury by a defendant in a criminal case for any purpose is a stage in a criminal prosecution which under the Sixth Amendment requires that the defendant be allowed to consult with counsel.

"3. (a) A Grand Jury, or a member thereof, may not be challenged once it has been sworn.

(b) A defendant, unschooled at law, may not be said to waive his right to challenge a Grand Jury where his request to consult with counsel is denied."

All of these "points" or contentions of the appellants arise from the same incident or occurrence. The facts involved are brief, are undisputed, and are fully disclosed by the record.

On September 11, 1959, the appellants were escorted by the United States Marshal from the city jail in Council Bluffs, Iowa, where they were then being held on a federal charge, to the courtroom of the United States Courthouse in that city. Present in open court, along with appellants and two other federal prisoners (who were jointly charged with appellants), were the judge and other members of the court staff, members of the United States Attorney's office, and the persons comprising the grand jury. What transpired at that time and place, as regards appellants, is best revealed by quoting from the transcript:

\* \* \* \* \* \*

"The Court: The Grand jury is all here. Ladies and Gentlemen! You have all been sworn and have served in a previous term of court, and I think it's within your time or within the time for which you were drawn, and for that reason you have been summoned to serve again. Now are the defendants in court?

"Mr. Stephenson: There are some defendants in court. Before we take that up, Your Honor, the \* \* \*"

Following some discussion, one of the members of the grand jury was excused.

"Mr. Stephenson: Your Honor, there are four defendants who have been charged in a preliminary complaint with burglarizing the Mineola State Bank.

"The Court: Where is Mineola?

"Mr. Stephenson: It is in southwest Iowa, Your Honor. I don't know exactly where.

\* \* \* \* \* \*

"Mr. Stephenson: Any of these defendants challenge the panel of the grand jurors as drawn?

"Mr. Taylor: No challenge.

"Mr. Bongiorno: Could you get our counsel here?

"The Court: You may have counsel after you are indicted, of course. If you are indicted!

"Mr. Gordon R. Hopkins: No challenge.

"Mr. Joseph J. Bongiorno: No challenge.

"Mr. Robert Le Roy Engler: No challenge.

"The Court: There are no challenges."

The Court then proceeded to charge the Grand Jury, and explained to them their duties and responsibilities. At the conclusion of the Court's charge, he directed the marshal to return the prisoners to the city jail, and excused the members of the Grand Jury, who thereupon retired to their Grand Jury room to commence their deliberations.

The Grand Jury returned a two count indictment on September 14, 1959, charging the appellants with the violation of certain laws of the United States. Subsequently, appellants were arraigned and entered pleas of not guilty. At the arraignment appellants were represented by counsel of their own choice. On November 3, 1959, appellants again appeared in court with their counsel and, as to Count I of the indictment, each appellant changed his plea to that of "Guilty". Thereafter, upon motion of the United States

Attorney, Count II of the indictment was dismissed. Judgment was thereafter duly pronounced, and sentence imposed. Neither appellant contends that, except for the appearance in open court on September 11th, hereinbefore referred to, he was not afforded every desired opportunity to consult with his counsel. The record discloses that neither appellant, at any time, challenged the array of jurors or any individual juror, on any alleged ground, or moved to dismiss the indictment upon any basis. Appellants contend that the court's denial of the request to have counsel present was a violation of Rule 44 of the Federal Rules of Criminal Procedure, and of the Sixth Amendment to the Constitution of the United States.

Rule 44 of the Federal Rules of Criminal Procedure provides:

> "If the defendant appears in court without counsel, the court shall advise him of his right to counsel and assign counsel to represent him at every stage of the proceeding unless he elects to proceed without counsel or is able to obtain counsel."

The Sixth Amendment to the Constitution of the United States, insofar as is here applicable, provides that "In all criminal prosecutions, the accused shall enjoy the right * * * to have the Assistance of Counsel for his defence." In this appeal we are concerned primarily with the constitutional issue.

Appellants cite Powell et al. v. State of Alabama, 287 U.S. 45, 69, 53 S.Ct. 55, 64, 77 L.Ed. 158, as holding that an accused "requires the guiding hand of counsel at every step in the proceedings against him", and Counselman v. Hitchcock, 142 U.S. 547, 562, 12 S.Ct. 195, 198, 35 L.Ed. 1110, as holding that "A Grand Jury investigation is a step in the criminal prosecution of a defendant".

The quotation from Powell, supra, must be read in the light of the facts of that case, and of the critical question involved. The crime with which appellants therein were charged was a capital offense. Appellants were without employed counsel. The Court said (287 U.S. p. 56, 53 S.Ct. p. 59): "It thus will be seen that until the very morning of the trial no lawyer had been named or definitely designated to represent the defendants", and (p. 57, 53 S.Ct. p. 59) " * * * the circumstance lends emphasis to the conclusion that during perhaps the most critical period of the proceedings against these defendants, that is to say, from the time of their arraignment until the beginning of their trial, when consultation, thorough-going investigation and preparation were vitally important, the defendants did not have the aid of counsel in any real sense, although they were as much entitled to such aid during that period as at the trial itself." [2] The Court further stated: "Neither they (counsel) nor the court could say what a prompt and thorough-going investigation might disclose as to the facts. No attempt was made to investigate. No opportunity to do so was given. Defendants were immediately hurried to trial. * * * Under the circumstances disclosed, we hold that defendants were not accorded the right of counsel in any substantial sense."

In Counselman, supra, appellant appeared before a grand jury which was then in official session, in response to a subpoena served upon him, and, after having been duly sworn, was interrogated. As to several questions, he replied " * * * I decline to answer * * on the ground that it might tend to incriminate me." For such refusal, he was adjudged to be in contempt of court, and was duly sentenced. From an order discharging his writ of habeas corpus, he appealed. The Supreme Court, in commenting upon the proceedings before

---

2. This quotation from Powell has been referred to by the Court in Massiah v. United States, 377 U.S. 201, p. 205, 84 S.Ct. 1199, p. 1202, 12 L.Ed.2d 246, as a "basic constitutional principle * * * broadly reaffirmed by this Court. Hamilton v. [State of] Alabama, 368 U.S. 52 [82 S.Ct. 157, 7 L.Ed.2d 114]; White v. [State of] Maryland, 373 U.S. 59 [83 S.Ct. 1050, 10 L.Ed.2d 193]. See Gideon v. Wainwright, 372 U.S. 335 [83 S.Ct. 792, 9 L.Ed.2d 799]."

the grand jury, said: "The matter under investigation by the grand jury in this case was a criminal matter * * *. If Counselman had been guilty of the matters inquired of in the questions which he refused to answer, he himself was liable to criminal prosecution under the act. The case before the grand jury was, therefore, a criminal case. * * *". Appellee contended that the investigation before the grand jury was not a "criminal prosecution", and that appellant was not entitled to the assistance of counsel under the provisions of the sixth amendment to the constitution. The Court, with reference to such contention, said:

> "But this provision (the Sixth Amendment) distinctly means a criminal prosecution against a person who is accused and who is to be tried by a petit jury. A criminal prosecution under article 6 of the amendments is much narrower than a 'criminal case,' under article 5 of the amendments. It is entirely consistent with the language of article 5 that the privilege of not being a witness against himself is to be exercised in a proceeding before a grand jury." [3]

Appellant was ordered discharged from custody, on the writ of habeas corpus.

We have carefully examined the other cases cited by appellants in support of their contentions. Lee v. United States, 5 Cir., 322 F.2d 770, involved interrogation of the accused by police officers, after indictment, and in the absence of counsel. Wood et al. v. United States, 75 U.S.App.D.C. 274, 128 F.2d 265, 141 A.L.R. 1318, involved the right of an accused to have counsel at the time of his preliminary hearing. Evans v. Rives, 75 U.S.App.D.C. 242, 126 F.2d 633, concerned the right of an accused to have counsel at the time of his arraignment. In these cases formal judicial proceedings had been instituted, the investigation as such had ended, and the guarantees of the

Sixth Amendment had clearly attached. Cases involving interrogation of an accused by police officers, before or after indictment, and those relating to testimony before a grand jury, by an accused, concerning a matter being officially investigated by that body, are obviously not applicable.

In Crooker v. State of California, 357 U.S. 433, 78 S.Ct. 1287, 2 L.Ed.2d 1448, petitioner contended that "every state denial of a request to contact counsel (is) an infringement of the constitutional right without regard to the circumstances of the case." This contention was rejected by the Supreme Court of the United States. The rule announced in Crooker was quoted by the same Court in Escobedo v. State of Illinois, 378 U.S. 478, at page 491, 84 S.Ct. 1758, at page 1765, 12 L.Ed.2d 977, to be as follows:

> "[S]tate refusal of a request to engage counsel violates due process not only if the accused is deprived of counsel at trial on the merits, * * * *but also if he is deprived of counsel for any part of the pretrial proceedings*, provided that he is so prejudiced thereby as to infect his subsequent trial with an absence of 'that fundamental fairness essential to the very concept of justice.' * * * The latter determination necessarily depends upon all the circumstances of the case."

While such rule was announced in a so-called state case, it is equally applicable to a federal case.

The appearance of the appellants in open court at a time when the members of the grand jury were also present, under the existing circumstances, cannot be construed as an appearance before the grand jury. Throughout their brief, appellants insist they appeared " * * * before the Grand Jury * * * (which) was then setting (sic) in session." The short and plain answer to such contention is that the facts belie such assertion, and

---

3. Insofar as is here applicable, the 5th Amendment reads as follows: " * * * nor shall be compelled in any criminal

case to be a witness against himself, nor be deprived of life, liberty, or property, without due process of law; * * *."

that appellants made no "appearance" before a grand jury in session. The record reveals that the appellants were brought into open court for the sole purpose of affording them an opportunity to challenge the grand jury, either as to the array or to individuals, pursuant to the provisions of Rule 6(b) (1) of the Federal Rules of Criminal Procedure.

■ The mere confrontation of appellants and the grand jury panel, in open court, prior to indictment, under the circumstances here present, was not "fundamentally unfair". The interrogation of the appellants was not related to the merits of the charge against them. The question asked of each appellant did not concern the existence of a basic right to which his answer was final. No fundamental or constitutional right could have been "irretrievably lost" as a result of such answer. The pretrial proceedings here involved could not, and did not, affect a subsequent trial or hearing on the merits. No rights of appellants were waived by such proceedings. In our opinion appellants were not prejudiced by the denial of request for the presence of their counsel. Following their appearance in open court on September 11th, appellants had every desired opportunity to consult with their lawyer, and any objection to the array or to an individual juror, could and should have been raised by motion to dismiss the indictment pursuant to Rule 6(b) (2) of said Rules. The basic right concerning which appellants were questioned in open court in the presence of the grand jury panel in effect existed in favor of, and was available to, the appellants when they appeared with counsel in open court subsequent to return of the indictment. Such right was never exercised.

■ Furthermore, by their plea of guilty to Count I of the indictment, appellants waived any objections or defenses they may have had, other than that such count charged no offense. Michener v. United States, 8 Cir., 170 F.2d 973, 975.

■ Finally, in their reply brief, appellants assert that:

> "The question before the Court, is whether or not appellants were entitled to consult with counsel (as *requested* and *denied* by the Court below) prior to appearing before the grand jurors, constitutes a denial of due process and that the subsequent indictment returned therefrom is null and void."

As has been heretofore stated, appellants made no "appearance" before the grand jury, as such, and this contention is devoid of merit.

> "Petitioner having failed to attack the indictment before his entry of plea of guilty, he is now barred from maintaining this belated motion." United States v. Spinley, D.C.W.D. Pa., 138 F.Supp. 241.

See also: Cratty v. United States, 82 U.S.App.D.C. 236, 163 F.2d 844, 849; United States v. Williams, 5 Cir., 203 F. 2d 572, 573; Michener v. United States, supra; Willis v. United States, 8 Cir., 289 F.2d 581, cert. denied 366 U.S. 953, 81 S.Ct. 1910, 6 L.Ed.2d 1245; and Swepston v. United States, 8 Cir., 289 F.2d 166, 170, cert. denied 369 U.S. 812, 82 S.Ct. 689, 7 L.Ed.2d 612.

The order of the district court is affirmed.