**UNITED STATES of America, Appellee,**

v.

**John Bradford BARKER, Appellant.**

No. 78–1798.

United States Court of Appeals,
Eighth Circuit.

Submitted March 15, 1979.

Decided March 21, 1979.

Lowell H. Forte of Terpstra, Wilkinson & Van Horne, Cedar Rapids, Iowa, on brief, for appellant.

James H. Reynolds, U. S. Atty., Cedar Rapids, Iowa, on brief, for appellee.

Before LAY, ROSS and HENLEY, Circuit Judges.

PER CURIAM.

Defendant was charged by indictment on August 9, 1978, along with one other individual, of conspiring to locate, steal and transport in interstate commerce a John Deere Model 480 forklift tractor (hereinafter the forklift) in violation of 18 U.S.C. §§ 2, 371 and 2313 (Count I), and with transportation of the forklift in violation of 18 U.S.C. § 2312 (Count II). On October 26, 1978 defendant entered a plea of guilty to Count II. The court[1] accepted the plea, imposed a three-year prison sentence, and upon motion by the government dismissed Count I.

Relevant facts shown by the hearing transcript and admitted in defendant's appellate brief include the following:

(1) Defendant personally stole the forklift from a location in Benton County, Iowa and delivered it to Keith Clark's sod farm in Linn County, Iowa.

(2) Defendant knew when he stole the forklift it was going to be transported out of Iowa. The forklift was transported from Iowa to Washington state by an unindicted coconspirator. Defendant in his brief emphasizes he did not actually transport the forklift across any state lines, but it is admitted that defendant "seemed to have

---

1. The Honorable Edward J. McManus, Chief United States District Judge for the Northern District of Iowa.

knowledge that the ultimate disposition of the tractor was through transportation, although the knowledge may have come at a time subsequent to the actual theft of the vehicle."

(3) Defendant received $500.00 from the sale of the forklift. In his brief defendant claims he did not share in the profits from sale of the stolen forklift, although he states that he was paid for his services in stealing the forklift and that he was subsequently hired to drive the semi-tractor, which had been used to transport the forklift from Iowa to Washington, back to Iowa.

It is established that an unconditional plea of guilty waives all prior infirmities which neither affect the court's jurisdiction nor the substantive sufficiency of the indictment. *Coleman v. Burnett*, 155 U.S. App.D.C. 302, 309, 477 F.2d 1187, 1194 (1973); *Hopkins v. United States*, 344 F.2d 229, 234 (8th Cir. 1965); *Michener v. United States*, 170 F.2d 973, 975 (8th Cir. 1948). Thus, on direct appeal of a conviction the accused ordinarily cannot be heard to contend that there is no evidence of his guilt.

In this direct appeal defendant contends (1) that all elements of the offense of interstate transportation of a stolen motor vehicle must be present before jurisdiction attaches, (2) one element is that defendant must have transported or wilfully caused the transportation in interstate commerce, (3) the requirement of interstate transportation is not satisfied by some knowledge or even foreseeability of interstate transportation by others if defendant was neither directly involved nor an active assistant in the interstate transportation, and (4) the instant defendant did not transport the forklift across state lines or cause its transportation; thus the elements necessary to establish a violation under 18 U.S.C. § 2312 were not present, jurisdiction did not attach, and the judgment of the district court cannot stand.

Indulging the highly questionable assumption that by couching his attack in jurisdictional terms appellant may on direct appeal question the factual sufficiency of the record to support his conviction, we nevertheless conclude that the judgment of conviction should be affirmed.

While the Supreme Court has suggested that even with certain federal crimes requiring *mens rea*, a particular offender may be convicted without showing his knowledge of those facts which gave rise to federal jurisdiction,[2] the record before us shows defendant was aware that the vehicle he stole was going to be transported in interstate commerce.

Indeed, the vehicle was stolen by defendant, it was transported in interstate commerce, and defendant specifically admitted guilty knowledge.

At the October 26, 1978 hearing the court read the elements of the indictment and crime including "that you transported or caused to be transported in interstate commerce the stolen vehicle." And the defendant affirmatively stated that he understood the elements of the offense, and that he was voluntarily pleading guilty, admitting the commission of each element of the offense. The court specifically asked, "When you stole the tractor [forklift] did you have knowledge or understanding that it was going to be sent to the State of Washington, or the west coast; at least out of the State of Iowa?" And defendant answered, "Yes." The court continued, "And you participated in the theft of this [forklift] knowing this was going to be the ultimate disposition?" Defendant again answered, "Yes." This clearly is sufficient to show defendant understood and admitted the essential elements of the offense charged including the element of interstate commerce, and to uphold the conviction. *Cf. Kress v. United States*, 411 F.2d 16, 18 (8th Cir. 1969).

The judgment is affirmed.

2. *See United States v. Feola*, 420 U.S. 671, 691–96, 95 S.Ct. 1255, 43 L.Ed.2d 541 (1975);   cf. *Blumenthal v. United States*, 332 U.S. 539, 557, 68 S.Ct. 248, 92 L.Ed. 154 (1974).