# United States Court of Appeals
## For the Eighth Circuit

_____

No. 18-2755
_____

United States of America

*Plaintiff - Appellee*

v.

Sunny Singh

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Western District of Arkansas - Hot Springs
_____

Submitted: June 13, 2019
Filed: September 19, 2019
[Unpublished]
_____

Before GRUENDER, STRAS, and KOBES, Circuit Judges.
_____

PER CURIAM.

Sunny Singh, a citizen of India who entered the United States illegally as a child, pleaded guilty to possessing a firearm while unlawfully present in the United

States. 18 U.S.C. § 922(g)(5)(A). He claims that the district court[1] should have dismissed the indictment. We affirm.

Shortly after being charged, Singh moved to dismiss the indictment on two grounds. First, he was not in the United States "illegally and unlawfully," *id.*, because he had been granted temporary protection under the Deferred Action for Childhood Arrivals program ("DACA"). Second, section 922(g)(5)(A) is unconstitutionally vague because recipients of DACA do not have notice that they are "unlawfully" present in the United States and prohibited from possessing a firearm. The district court rejected both arguments for the same reason: Singh failed to show that he still had DACA status when he committed the offense.

Once the district court denied Singh's motion to dismiss, he pleaded guilty. In his written plea agreement, he did not reserve the right to appeal either of his pre-plea challenges to the indictment. He nonetheless renews these challenges on appeal.

When Singh unconditionally pleaded guilty, he waived his ability to raise a host of non-jurisdictional objections to his conviction, including challenging his underlying guilt. *See United States v. Todd*, 521 F.3d 891, 894–95 (8th Cir. 2008); *United States v. Barker*, 594 F.2d 709, 710 (8th Cir. 1979); *see also United States v. Smith*, 422 F.3d 715, 724 (8th Cir. 2005) ("It is a well-established legal principle that a valid plea of guilty is an admission of guilt that waives all nonjurisdictional defects and defenses."). Indeed, in his plea agreement, Singh admitted that he "entered and remained in the United States unlawfully." So any claim that he was lawfully present is now foreclosed.

---

[1]The Honorable Susan O. Hickey, Chief Judge, United States District Court for the Western District of Arkansas.

As for Singh's vagueness challenge, we need not address the specific argument he makes because he has provided no evidence that he was enrolled in DACA when he committed the offense. *Cf. United States v. Frison*, 825 F.3d 437, 442 (8th Cir. 2016) ("We consider whether a statute is vague as applied *to the particular facts at issue. . . .*" (emphasis added) (citation omitted)). To the contrary, according to the documents he submitted to the district court, his DACA status expired over a year earlier, and he now concedes that "[h]e was awaiting renewal" when he was caught with the firearm. *See Holder v. Humanitarian Law Project*, 561 U.S. 1, 18 (2010) (noting that a statute is unconstitutionally vague if it "fails to provide a person of ordinary intelligence fair notice of what is prohibited" (citation omitted)). So even assuming DACA introduces uncertainty into section 922(g)(5)(A) for some potential defendants, the same cannot be said for someone like Singh who was no longer enrolled in the program. *See Humanitarian Law Project*, 561 U.S. at 18–19 ("[A] plaintiff who engages in some conduct that is clearly proscribed cannot complain of the vagueness of the law as applied to the conduct of others." (citation omitted)).

We accordingly affirm the judgment of the district court.

_____