Tommie Louis Lee **BROWN**, Petitioner,

v.

**UNITED STATES of America,**
**Respondent.**

**Civ. No. 67–1496.**

United States District Court
C. D. California.

Aug. 2, 1968.

Tommie Louis Lee Brown, in pro. per.

Wm. Matthew Byrne, Jr., U. S. Atty., Robert L. Brosio, Asst. U. S. Atty., Chief of Criminal Division, and Ronald S. Morrow, Asst. U. S. Atty., Los Angeles, Cal., for respondent.

ORDER DENYING MOTION TO VA-
    CATE AND SET ASIDE SEN-
    TENCE PURSUANT TO 28 U.S.C.
    § 2255.

HAUK, District Judge.

Petitioner, Tommie Louis Lee Brown, a prisoner at the Federal Correctional Institution in Lompoc, California, is here upon motion to vacate his judgment of conviction for bank robbery, pursuant to Section 2255 of Title 28, United States Code.[1]

1.  28 U.S.C. § 2255:
    "§ 2255. *Federal custody; remedies*
        *on motion attacking sen-*
        *tence*

    A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose

such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

A motion for such relief may be made at any time.

Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be

Allowed to proceed in *forma pauperis*, petitioner seeks to vacate his judgment of conviction upon his plea of guilty on the following grounds: (1) that his plea of guilty was the result of psychological coercion, intimidation and fear induced by law enforcement officials; (2) that there was a violation of his constitutional rights, as set forth in Machibroda v. United States, 368 U.S. 487, 82 S.Ct. 510, 7 L.Ed.2d 473 (1962); and (3) that there was an arrangement by his attorney for a plea of guilty.

## FACTS AND PROCEEDINGS CONCLUSIVELY SHOWN BY FILES AND RECORDS

A complaint filed with the United States Commissioner on November 22, 1966 by the Federal Bureau of Investigation charged petitioner Brown and a co-defendant, Ernest Manfred Davenport, with robbery of a national bank. On the day the complaint was filed, the Commissioner issued warrants of arrest, one of which was executed by Brown's arrest on November 22, 1966. Brown was immediately brought before the Commissioner and committed to the Los Angeles County Jail.

On December 21, 1966, the Federal Grand Jury returned a three count Indictment [2] charging Brown, along with co-defendants Davenport and Alvin Horatio Nairn, with robbery of a savings and loan association, robbery of a national bank and attempted robbery of a national bank, by use of a dangerous weapon, in violation of 18 U.S.C. § 2113 (a) and (d).[3]

---

served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto. If the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate.

A court may entertain and determine such motion without requiring the production of the prisoner at the hearing.

The sentencing court shall not be required to entertain a second or successive motion for similar relief on behalf of the same prisoner.

An appeal may be taken to the court of appeals from the order entered on the motion as from a final judgment on application for a writ of habeas corpus.

An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention."

2. Indictment No. 144–CD, filed December 21, 1966, United States District Court, Central District of California.

3. 18 U.S.C. § 2113(a) and (d):
"§ 2113. *Bank robbery and incidental crimes*

(a) Whoever, by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank, or any savings and loan association; or

Whoever enters or attempts to enter any bank, or any savings and loan association, or any building used in whole or in part as a bank, or as a savings and loan association, with intent to commit in such bank, or in such savings and loan association, or building, or part thereof, so used, any felony affecting such bank or such savings and loan association and in violation of any statute of the United States, or any larceny—

Shall be fined not more than $5,000 or imprisoned not more than twenty years, or both.

\*　　\*　　\*　　\*　　\*

(d) Whoever, in committing, or in attempting to commit, any offense defined in subsections (a) and (b) of this section, assaults any person, or puts in jeopardy the life of any person by the use of a dangerous weapon or device, shall be fined not more than $10,000 or imprisoned not more than twenty-five years, or both."

Petitioner was arraigned before the Honorable Jesse W. Curtis, United States District Judge, on December 27, 1966, and, after conferring with his appointed counsel, Joseph P. Bregman, he entered a plea of not guilty to the Indictment. Subsequently, on January 23, 1967, petitioner appeared before this Court and, through his counsel, moved for a change of plea:

"THE CLERK: No. 143–Criminal, United States of America vs. Alvin Horatio Nairn, Gerald Eugene Thompson, Samuel Alexander Poe, Jr. No. 144–Criminal, United States of America vs. Alvin Horatio Nairn, Tommie Louis Lee Brown, Ernest Manfred Davenport.

"MR. LePERA: Ralph LePera representing defendant Poe. The defendant is present in the court room.

"MR. BREGMAN: Joseph Paul Bregman representing defendants Brown and Thompson. Both defendants are present.

"MR. GONZALES: M. T. Gonzales representing defendant Nairn. The defendant Nairn is present.

"MR. JAFFEE: Sheldon Jaffee representing the defendant Davenport.

"MR. MORROW: Ronald Morrow appearing for the United States.

"THE COURT: Do you have a motion, counsel?

"MR. BREGMAN: In Indictment 144, your Honor, there will be a motion on the part of the defendant Brown to change his plea of not guilty heretofore entered on Count One to guilty.

"THE CLERK: Does defendant Tommie Louis Lee Brown waive reading of the Indictment?

"DEFENDANT BROWN: Yes, I will.

"THE CLERK: I will ask the defendant Tommie Louis Lee Brown how do you plead to Count Two of the Indictment, are you guilty or not guilty?

"DEFENDANT BROWN: Not guilty.

"THE CLERK: Count One?

"DEFENDANT BROWN: Pleading guilty to Count One.

"THE CLERK: And not guilty to Count Two?

"DEFENDANT BROWN: Yes.

"THE COURT: What offense is charged?

"THE CLERK: (a) and (d).

"THE COURT: Is this guilty to the offenses charged in (a) and (d)?

"THE CLERK: Yes.

"THE COURT: Have you discussed the nature and circumstances of the offense with your attorney?

"DEFENDANT BROWN: Yes, I did.

"THE COURT: Has he explained to you the maximum the Court could impose?

"DEFENDANT BROWN: Yes, he did.

"THE COURT: What is it, please?

"DEFENDANT BROWN: $10,000 or 25 years in the penitentiary.

"THE COURT: Or both.

Has there been any promise of reward or promise of special treatment, or threat of coercion or violence made against you?

"DEFENDANT BROWN: No.

"THE COURT: You understand it is an admission of the essential facts charged?

"DEFENDANT BROWN: Yes.

"THE COURT: You are pleading guilty because you are, and for no other reason?

"DEFENDANT BROWN: That's right.

"THE COURT: The Court will find you convicted as pled, guilty, and set the probation and sentence hearing for February 20th at 2:00 p. m. in this courtroom." (Rep.Tr., Jan. 23, 1967, pp. 3–5)

In the Presentence Report the Probation Officer stated the "Official Version"

and then the "Defendant's Version of Offense":

*"Official Version:*

"On January 23, 1967, defendant entered a plea of guilty to Count 1 of a 3 Count Indictment charging that on September 23, 1966, in Los Angeles County, California, he and Alvin Horatio Nairn, by force and violence, took from Jean Fukuda and Myrna Moore $3,152.-38 belonging to the University Savings and Loan Association, 8220 South Vermont Avenue, Los Angeles. This Count also charges that, in committing the offense heretofore mentioned, the defendants assaulted and put in jeopardy the lives of the bank tellers by use of a pistol. Defendant has entered a plea of not guilty to Count 2 of the Indictment and he is not named in Count 3. Codefendant Nairn has a plea of not guilty to Count 1, but guilty to Count 3. Codefendant Davenport, who was only named in Count 2, has entered a plea of guilty to that Count.

"On September 23, 1966, the University Savings and Loan Association at 8220 South Vermont Avenue was robbed by two Negro males at about 6:00 p. m. Upon entering the bank, one of the men purchased a money order and then went into the manager's office where he displayed a small caliber revolver and stated: "This is a hold up." After the manager had been ordered to the lobby of the association, the second man vaulted the counter into the work area and obtained money from the cash drawers of Jean Fukuda and Myrna Moore. After obtaining all the available money, the two of them hurriedly left the bank through the rear door. They entered a 1965 Ford Mustang which had already been reported stolen to the Los Angeles Police Department and proceeded to make a getaway. The Mustang was later found abandoned about three blocks from the building, and observers reported they had seen the men leave the area in a yellow 1957 Ford sedan. On November 29, 1966, when interviewed by investigative agents, defendant verbally admitted he had participated in the robbery of this savings and loan association."

*"Defendant's Version of Offense:*

"He had known codefendants for several years in that they attended school together and later shared an apartment in 1964. He admits going to the University Savings and Loan Association on September 23, 1966 with two others whom he identified as Ernest Davenport and Alvin Nairn. He had no gun on this occasion, but did scoop the money into a bag and they then made their escape to Davenport's apartment. Here the money was divided and he received about $1,100.00 for his share. He spent this total amount on clothes and entertainment for himself. He admits also being present at the Crenshaw Branch of the Security First National Bank at a later date when an attempted robbery took place, but no money was obtained at that time. He states he never had a gun and has never physically harmed anyone." (Presentence Report, Feb. 14, 1967, pp. 2–3)

Taking into consideration the conviction on Count 1 of the Indictment and the Presentence Report, petitioner was found to be 21 years of age at the time of conviction, eligible for treatment under the Federal Youth Corrections Act, 18 U.S.C. §§ 5005–5024, as a Young Adult Offender under 18 U.S.C. § 4209.[4] and in need of confinement. Accordingly, the

---

4. 18 U.S.C. § 4209:
   "§ 4209. *Young adult offenders*
   In the case of a defendant who has attained his twenty-second birthday but has not attained his twenty-sixth birthday at the time of conviction, if, after taking into consideration the previous record of the defendant as to delinquency or criminal experience, his social background, capabilities, mental and physical health, and such other factors as may be considered pertinent, the court finds that there is *reasonable grounds to believe* that the defendant will benefit from the treatment provided under the Federal Youth Corrections Act (18 U.S.C. Chap. 402) sentence may be imposed pursuant to the provisions of such Act."

Court committed petitioner to the custody of the Attorney General for treatment and supervision for a period of 15 years, pursuant to 18 U.S.C. § 5010(c) [5], or until discharged by the Federal Youth Corrections Division of the Board of Parole, as provided by 18 U.S.C. § 5017 (d).[6] At the same time, the Court recommended that petitioner receive adequate psychiatric treatment while serving his sentence. Upon motion of the Government, the dismissal of Count 2 of the Indictment was ordered. (Judgment, Feb. 20, 1967.)

## PETITIONER'S FIRST CONTENTION

*That the plea of guilty was the result of psychological coercion, intimidation and fear induced by law enforcement officials.*

█ Petitioner's contention that his plea of guilty was the result of psychological coercion, intimidation and fear is conclusively shown by the record to be without merit. Without again quoting or repeating in detail the Reporter's Transcript of the proceedings in court when his plea of guilty was taken, we are convinced the record unequivocally demonstrates that, in response to the Court's careful questioning, petitioner unmistakably affirmed that he had discussed the nature and circumstances of the offense with his attorney; that his attorney had explained the maximum penalty the Court could impose; that no promise of reward or special treatment had been made to him; that there had not been any threat of coercion or violence; that he understood the plea of guilty was an admission of the essential allegations of the charge; and that he was pleading guilty because he was guilty and for no other reason. It is evident that the Court, in accepting petitioner's plea of guilty, fully complied with the requirements of Rule 11 of the Federal Rules of Criminal Procedure [7] by conducting a careful and searching inquiry to insure that the plea was made voluntarily and with full understanding of the charge and the consequences of a guilty plea. Harris v. United States, 338 F.2d 75, 80 (9th Cir. 1964).

## PETITIONER'S SECOND CONTENTION

*That there was an abridgment of the constitutional rights set forth in Machibroda v. United States.*

█ In alleging a violation of his constitutional rights, petitioner cites and

5. 18 U.S.C. § 5010(c):
   "§ 5010. *Sentence*
   (c) If the court shall find that the youth offender may not be able to derive maximum benefit from treatment by the Division prior to the expiration of six years from the date of conviction it may, in lieu of the penalty of imprisonment otherwise provided by law, sentence the youth offender to the custody of the Attorney General for treatment and supervision pursuant to this chapter for any further period that may be authorized by law for the offense or offenses of which he stands convicted or until discharged by the Division as provided in section 5017(d) of this chapter."

6. 18 U.S.C. § 5017(d):
   "§ 5017. *Release of youth offenders*
   (d) A youth offender committed under section 5010(c) of this chapter shall be released conditionally under supervision not later than two years before the expiration of the term imposed by the court. He may be discharged unconditionally at the expiration of not less than one year from the date of his conditional release. He shall be discharged unconditionally on or before the expiration of the maximum sentence imposed, computed uninterruptedly from the date of conviction."

7. Fed.R.Crim.P. 11:
   "Rule 11. *Pleas*
   A defendant may plead not guilty, guilty or, with the consent of the court, *nolo contendere*. The court may refuse to accept a plea of guilty, and shall not accept such plea or a plea of *nolo contendere* without first addressing the defendant personally and determining that the plea is made voluntarily with understanding of the nature of the charge and the consequences of the plea. If a defendant refuses to plead or if the court refuses to accept a plea of guilty or if a defendant corporation fails to appear, the court shall enter a plea of not guilty. The court shall not enter a judgment upon a plea of guilty unless it is satisfied that there is a factual basis for the plea."

relies upon Machibroda v. United States, 368 U.S. 487, 82 S.Ct. 510, 7 L.Ed.2d 473 (1962). In that case, petitioner Machibroda filed a motion pursuant to Section 2255 with the same District Court that had sentenced him upon his plea of guilty to two charges of bank robbery. Machibroda sought to vacate and set aside the sentence on the grounds, *inter alia,* that the Judge had accepted the guilty plea without determining that it had been made voluntarily, as required by Rule 11, and that in fact the plea of guilty had been induced by promises and threats made by the prosecuting attorney. In support of the motion, Machibroda filed an affidavit setting forth detailed and specific allegations, and the prosecuting attorney submitted an affidavit denying any promises or coercion. Without a hearing, the District Judge determined that the petitioner's allegations were false and denied the motion. The Supreme Court held that the District Court had not proceeded in conformity to Section 2255 when it made findings on controverted issues of fact without notice to Machibroda and without a hearing, since it was not a case where "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 368 U.S. at 494, 82 S.Ct. at 513.

In the instant case, petitioner's contention with respect to *Machibroda* is so vague that it is impossible to determine the nature of the allegation. *Machibroda* stands for the proposition that a hearing is warranted when the allegations are specific and detailed, the allegation is one of a plea induced by coercion and fear, and the record fails to determine the issue. The record here conclusively shows that the plea of guilty was made voluntarily and with full understanding of the charge and the consequences of the plea.

## PETITIONER'S THIRD CONTENTION

*That there was an arrangement by petitioner's attorney for a plea of guilty.*

■ Petitioner contends that his judgment of conviction should be vacated in view of his attorney's "arrangement" for a plea of guilty. In response to this vague allegation, an affidavit submitted by Ronald S. Morrow, the Assistant United States Attorney assigned to represent the Government in this case, states that Mr. Morrow was approached by petitioner's attorney, Joseph P. Bregman, and informed that petitioner would enter a plea of guilty to one of the two counts of armed robbery with which he was charged. At that time, Mr. Morrow indicated that the remaining count would trail to the date of sentencing for disposition. Moreover, the record unequivocally demonstrates that there was no "arrangement" of any kind.

## CONCLUSION

Petitioners' arguments have no substance or support in the record. On the contrary, the three allegations raised in petitioner's motion are overwhelmingly refuted by both the record and a proper reading of the law. Moreover, since petitioner has failed to set forth any grounds entitling him to a hearing, this Court finds that none is necessary.

Petitioner's motion and the files and record conclusively show that petitioner is entitled to no relief and, particularly, to no hearing. 28 U.S.C. § 2255.[8] Earley v. United States, 381 F.2d 715, 716 (9th Cir. 1967), citing and quoting United States v. Fleenor, 177 F.2d 482, 484 (7th Cir. 1949).

## ORDER

Now, therefore, it is hereby ordered that petitioner's motion to vacate and set aside sentence pursuant to 28 U.S.C. § 2255 be and the same is denied.

8. Footnote 1, supra.