**William Edward EARLEY, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 21654.**

United States Court of Appeals Ninth Circuit.

July 31, 1967.

William Edward Earley, in pro. per.

William M. Byrne, Jr., U.S. Atty., Los Angeles, Cal., Robert L. Brosio, Asst. U. S. Atty., Chief, Criminal Division; William J. Gargaro, Asst. U. S. Atty. (Los Angeles, Cal.) for appellee.

Before CHAMBERS and BARNES, Circuit Judges, and VON DER HEYDT*, District Judge.

BARNES, Circuit Judge:

This is an appeal in forma pauperis and in propria persona from the denial of a § 2255 petition. Appellant had originally entered a plea of guilty to an indictment charging him with a violation of 18 U.S.C. § 2113(a). The court below had jurisdiction of both proceedings (18 U.S.C. §§ 2113(a) and 3231; 28 U.S.C. § 2255), as we have on this appeal (28 U. S.C. §§ 1291, 1294 and 2255).

Appellant's two points raised below were (1) that his guilty plea was coerced, because of an alleged promise of leniency by the United States Attorney, and (2) that he was denied counsel after arrest, and the statements then obtained from him were unfairly used by the government.

Appellant's original plea was entered April 27, 1964. A month later he moved for a reduction of sentence, which was denied. Seventeen months later his petition

---

* Hon. James A. von der Heydt, United States District Judge, Anchorage, Alaska, sitting by designation.

under § 2255 was filed. No "full hearing" was had on this motion in the district court. None is required under the language of the section itself where "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." United States v. Fleenor, 177 F.2d 482 (7th Cir. 1949).

The trial judge filed a thirteen page order denying the motion. He first quoted the Reporter's Transcript to establish what occurred at the time of the plea. Appellant was first advised of his rights, i. e., to a jury trial; to be represented by counsel; to have witnesses subpoenaed in his behalf; and that if he were without funds the court could and would appoint an attorney to represent him. He withdrew his plea of not guilty, and was then advised in detail of the crime with which he was charged, i. e., robbing a bank "whose deposits were insured by the Federal Deposit Insurance Corporation"; and that he had, in committing the crime charged, assaulted and placed the life of a teller in jeopardy. After his plea of guilty, he was asked three separate times if his plea was made because he had committed the acts charged, and three times he stated it was and he had; he denied, separately, any threats, and twice any promises; stated that he knew the penalty; and was told what the maximum penalty was.

The trial judge concluded that appellant's petition attempted to show he had lied at the time of his change of plea. The trial judge denied the motion for several reasons, given in his order, as follows:

"First, the allegations are vague, conclusionary, and are not sufficient to require a hearing. Second, there are no allegations that any alleged admissions or confession influenced petitioner to enter his plea of guilty. Third, the record shows that the plea made in open court was voluntarily and understandingly made. Fourth, the plea in open court, with his attorney present and under all of the circumstances, was clearly a voluntary confession and admission of the crime. Fifth, defendant's conduct at the time of plea shows a deliberate waiver of any claimed constitutional violations which may have occurred prior to the plea." (C.T., p. 5, lines 11–22.)

We affirm. The advice as to petitioner's rights coincided with the law prior to Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964), which was decided after the date of petitioner's sentence, and was held not retroactive to trials beginning before June 22, 1964. Johnson v. State of New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882 (1966). Further, as was said in Burgett v. United States, 237 F.2d 247, at 251 (8th Cir. 1956), cert. denied, 352 U.S. 1031, 77 S.Ct. 596, 1 L.Ed.2d 599:

"The court meticulously questioned the appellant as to his understanding of the charge against him. He and his counsel had every opportunity to tell the court of any threats or coercion used against him. * * * A defendant, having been represented by competent counsel, having been given every opportunity and right afforded by the law and having entered a plea of guilty, may not, without some reasonable basis, come into court years later and repudiate his prior plea. It is not the intent of Section 2255 nor the meaning of United States v. Hayman [342 U.S. 205, 72 S.Ct. 263, 96 L.Ed. 232] to require a hearing upon the mere assertion that a prior plea was false."

■ Appellant raises on this appeal a point not raised below, i. e., that there is nothing in the record to show that a federal offense was being committed. Even were it possible to raise such a point here for the first time, it has no merit. The portion of the transcript quoted in the district court's order discloses a violation of federal law.

The order of the district court dismissing the petition is affirmed.