**Kermit Nello BURTON, Petitioner,**

v.

**UNITED STATES of America,
Respondent.**

**No. Civ-69-455 Phx.**

United States District Court
D. Arizona.

Jan. 7, 1970.

---

3. Pub.L. 90-226, Title IX, Sec. 901, 81 Stat. 742, Dec. 27, 1967.

Kermit Nello Burton, in pro per.

## ORDER

CRAIG, District Judge.

Petitioner, in federal custody, moves this Court pursuant to 28 U.S.C. § 2255 to vacate the judgment and sentence in his conviction for violations of 18 U.S.C. §§ 371 and 2314 pertaining to conspiracy to transport counterfeiting tools in interstate commerce.[1] He files his motion in forma pauperis.

Petitioner originally pleaded not guilty, but this plea was later withdrawn and a guilty plea was entered. No appeal was taken. Petitioner now raises on this motion several grounds which allegedly vitiate his conviction and sentence. These contentions concern the defense of entrapment, illegal search and seizure of an air freight parcel, illegal interception of an interstate phone call, faulty photograph identification, violation of the Jencks Rule, failure to disclose an informant's identity, defectively drafted complaint and grand jury indictment, lack of probable cause for arrest, entry of an involuntary guilty plea, improper preliminary hearing, ineffective assistance of counsel, and failure to be advised of his right to appeal by either the Court or counsel. In Alaway v. United States, 280 F.Supp. 326, the District Court for the Central District of California held that convictions entered on guilty pleas are based solely on the plea and not any evidence which may have been improperly acquired. To the same effect, see Norris v. Wilson, 9 Cir., 378 F.2d 324, 326; Wallace v. Heinze, 9 Cir., 351 F.2d 39, 40; Davis v. United States, 9 Cir., 347 F.2d 374, 375; Harris v. United States, 9 Cir., 338 F.2d 75, 80; Thomas v. United States, 9 Cir., 290 F.2d 696, 697; Eberhart v. United States, 9 Cir., 262 F.2d 421, 422; Hardee v. Wilson, 9 Cir., 363 F.2d 848. If the plea is voluntarily and knowingly made, it waives all non-jurisdictional defenses or objections which might have been made, and in turn prevents a subsequent collateral attack via § 2255 based on those grounds. Thus, in *Alaway, supra,* the Court held that collateral attack on the above mentioned grounds was foreclosed and not cognizable on a § 2255 motion. See also, Hall v. United States, 8 Cir., 259 F.2d 430; Edwards v. United States, 103 U.S.App.D.C. 152, 256 F.2d 707; Berg v. United States, 9 Cir., 176 F.2d 122; Hopkins v. United States, 8 Cir., 344 F.2d 229; and Michener v. United States, 8 Cir., 170 F.2d 973. This Court holds that, with the exception of the matters discussed below, the contentions of the petitioner are not cognizable by this Court on a § 2255 motion by virtue of petitioner's guilty plea.

The only question of a justiciable nature for purposes of the motion before this Court is whether petitioner's guilty plea was voluntarily and knowingly made. It is clear from the Reporter's notes of the proceedings in court when petitioner's plea of guilty was received and when sentence was given that said plea was freely and intelligently given. When petitioner changed his original plea and entered his guilty plea, he was carefully questioned by both the United States Attorney and the Court. The prosecution asked petitioner whether he understood the penalties involved with each charge and whether he still wished

---

1. Petitioner also filed a supplementary petition which is inartfully entitled "Motion for Judgment" on the pleadings. This subsequent motion reiterates some of the grounds raised in the initial petition and alleges some new bases for relief. The two motions have been consolidated for the purpose of this order and both will be treated as motions under 28 U.S.C. § 2255.

to enter a guilty plea. Petitioner answered in the affirmative to each question. The Court repeated the process asking petitioner whether he desired to change his plea, whether he was pleading because he was guilty and for no other reason, whether there had been any threats or promises or other means of coercion to encourage his plea, whether he was pleading freely and voluntarily, whether he had talked this matter over with his attorney, and whether he was satisfied with his attorney's advice. To all of these questions petitioner answered in the affirmative.

■ On the day of sentencing the United States Attorney asked petitioner whether he wished to adhere to his plea, whether he understood the penalties involved and again whether he wished to stand on the guilty plea. Again petitioner answered each question in the affirmative. The Court again repeated the process by asking petitioner whether he wished to stand on his plea. Petitioner was advised that he could withdraw his plea and have the matter tried. He was asked whether he had talked the matter over with his attorney and again asked if he was satisfied with his attorney's advice. Once again he answered all questions in the affirmative.[2]

Petitioner was finally asked whether he had anything to say in his behalf and he responded by requesting leniency. Nothing was said to indicate that petitioner's plea was not of his own volition.

■ Accordingly, it is quite evident that the Court, in accepting the plea of guilty, fully complied with the requirements of Rule 11, Federal Rules of Criminal Procedure, by making a careful and searching inquiry to insure that the plea was made voluntarily and with full understanding of the charges and the consequences of a guilty plea. The petitioner was given repeated opportunities to indicate to the Court that he wished to withdraw his plea of guilty. Not once did he take advantage of such opportunities. Petitioner, by his own admission in the courtroom, was afforded effective assistance of counsel when he entered his plea and when he was sentenced.

■ Petitioner further alleges that he was not informed of his right to appeal by either the Court or his counsel. When a defendant enters a voluntary plea of guilty it is not incumbent upon either the Court or counsel to advise defendant of his right to appeal. The Court is only required to advise defendant of his right to appeal "after imposing sentence in a case which has gone to trial on a plea of not guilty * * *" The rule has no application to this case because sentence was *not* imposed *after trial*, but upon a plea of guilty entered voluntarily and with full understanding. Boyes v. United States, 5 Cir., 354 F.2d 31, 32; Alaway v. United States, *supra.*

By eliminating the requirement that defendants be advised only if unrepresented by counsel and by retaining the requirement that the Court's duty only arises after trial on a plea of not guilty, the amendment to Rule 32 makes it clear that defendant has no right to be advised by either the Court or counsel after a voluntary plea of guilty.[3]

Leave is granted to file the motion in forma pauperis.

The motion to vacate judgment and sentence is denied.

2. Petitioner twice, by his own admission, agreed that his counsel's advice was satisfactory. However, in his supplementary motion he raises for the first time an issue as to the effectiveness of his representation. This contention is frivolous. To justify the vacation of a criminal judgment on the ground of lack of effective assistance of counsel, it must be shown that the attorney's conduct was so incompetent that it made the trial a farce and a mockery of justice. Dodd v. United States, 9 Cir., 321 F.2d 240 (and cases cited therein). The Court's own observations and the petitioner's own admissions at the time the plea was changed and at the time of sentencing belie petitioner's contention.

3. See Dillane v. United States, 121 U.S. App.D.C. 354, 350 F.2d 732, at footnote 1, where the Court notes that the passage of Rule 32(a) (2) will make academic the problem of counsel's failure to advise his client of his right to appeal.