**Grover F. HILL, Appellant,**

v.

**Louis S. NELSON, Warden, Appellee.**

**No. 23275.**

United States Court of Appeals,
Ninth Circuit.

March 2, 1970.

Grover F. Hill, pro. per.

Gloria F. DeHart, Deputy Atty. Gen., Derald E. Granberg, Deputy Atty. Gen., Thomas C. Lynch, Atty. Gen. of California, San Francisco, Cal., for appellee.

168

Before KOELSCH and DUNIWAY, Circuit Judges, and SOLOMON*, District Judge.

PER CURIAM:

Grover F. Hill (appellant) appeals from the district court's order dismissing his petition for habeas corpus. Hill was convicted in the State Court of second degree murder and was sentenced to life imprisonment.

In his petition, Hill asserted that (1) his confession was coerced, and (2) his counsel was incompetent.

Hill was arrested shortly after his common law wife was shot to death. Within an hour after his arrest, Hill gave a statement to the police. At the trial, a woman testified that she had been with Hill on the night of the killing and that Hill repeatedly referred to his wife as a "bitch" and said that he was going to "get her." The woman also testified that she drove to Hill's apartment with him and that she waited in the car while he went inside. Within a few minutes she heard a gunshot. She ran into the apartment and saw Hill standing over his wife's body with a gun in his hand.

One of the officers to whom Hill made his statement also testified. He said that before Hill admitted anything he was advised of his constitutional rights. The officer then read Hill's statement in evidence. Neither Hill nor his attorney objected to the statement on the basis that it was coerced. In the statement, Hill admitted that he killed his wife, but denied that he did it intentionally. He said that when he embraced his wife she felt his gun and asked to see it. He took out the gun and it accidentally discharged. Hill in the statement admitted that he told his companion shortly before the killing that he was going to kill his wife.

At the trial, Hill testified in his own behalf. He stated that he shot his wife accidentally. He said that he pointed the gun at her merely to scare her into telling him where she had been. When she raised her arm, she struck the gun and caused it to discharge.

■ The murder trial transcript supports the district court's finding that Hill deliberately by-passed his right to object to the admissibility of the statement. Hill's attorney questioned the police officer about the warnings given to Hill before he made the statement. Since Hill's statement is largely self-serving and apparently was not coerced, his attorney made a tactical decision not to object. There is no merit to Hill's contention that he is not bound by his attorney's decision. Curry v. Wilson, 405 F.2d 110 (9th Cir. 1968).

On the merits, the record fails to support Hill's contention that his statement was coerced. The statement includes an acknowledgement that the police told him that he could remain silent. His reliance on Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966) is misplaced, because the decision is not retroactive. Johnson v. New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882 (1966).

■ The record also supports the district court's finding that Hill's attorney was competent. Even if the statement was coerced, and we do not believe it was, his failure to object is no basis for a claim that his attorney was incompetent. Bates v. Wilson, 385 F.2d 771 (9th Cir. 1967).

Affirmed.

* Honorable Gus J. Solomon, United States District Judge, District of Oregon, sitting by designation.