**Gilbert Joaquin AGUILAR, Petitioner-Appellant,**

v.

**H. V. FIELD, Respondent-Appellee.**

No. 23956.

United States Court of Appeals,
Ninth Circuit.

March 6, 1970.

Gilbert J. Aguilar, in pro. per.

Thomas C. Lynch, Atty. Gen. of California, Los Angeles, Cal., for respondent-appellee.

Before TUTTLE *, BARNES and KILKENNY, Circuit Judges.

PER CURIAM:

Appellant complains of the denial of his petition for habeas corpus without a hearing. His contention is that the trial court should have conducted a hearing on the two issues: (1) whether he was adequately represented by counsel at the time of his plea of guilty, and (2) whether his plea was the product of coercion.

With respect to the first contention it is clear that he alleged no facts which required a hearing under § 2243 U.S.C.A. Title 28. His petition alleged that his privately retained counsel advised him that he was the victim of an illegal search and that he could successfully defend the accused. Later, appointed counsel having succeeded to the representation, counsel advised him to plead guilty to one count in return for which he would benefit by the dismissal of other charges. This he did, and he benefited as promised. The alleged search, if there was one, cannot be made the basis of a charge that appellant lacked effective aid of counsel since, with full knowledge of this possible defense, he entered a plea of guilty. See Wallace v. Heinze, 9 Cir. 1965, 351 F.2d 39.

As to the second contention, appellant does not allege that his will was in any way overborne or that he did not knowingly and willingly enter the plea. He contends only that in effect he was motivated by his counsel's advice that he plead guilty and receive a shorter sentence. This is not of itself an allegation of fact that would require a hearing. Smith v. Wilson, 9th Cir. 1959, 373 F.2d 504.

The judgment is affirmed.

* Hon. Elbert P. Tuttle, Senior United States Circuit Judge of the Fifth Circuit, sitting by designation.