**Ronald Dean MEEKS, Petitioner-Appellant,**

v.

**UNITED STATES of America, Respondent-Appellee.**

**No. 23193.**

United States Court of Appeals, Ninth Circuit.

May 27, 1970.

Rehearing Denied June 18, 1970.

David K. Yamakawa (argued), San Francisco, Cal., Ronald Dean Meeks, pro. per., for petitioner-appellant.

Sherman Furey, U. S. Atty., Clarence D. Suiter, John L. King, Asst. U. S. Attys., Jay F. Bates, U. S. Atty., Boise, Idaho, for respondent-appellee.

Before CARTER and TRASK, Circuit Judges, and BATTIN,* District Judge.

JAMES M. CARTER, Circuit Judge.

Appellant, charged with rape, pled guilty to the offense of an attempt to commit rape, and was sentenced to a term of 15 years. He petitioned under 28 U.S.C. § 2255 and the district court denied relief without a hearing.

The district court ordered prepared a transcript of proceedings, at which appellant, represented by counsel, entered his plea to a lesser and included offense. The transcript shows there was full compliance with the requirements of Rule 11, F.R.Crim.P.

Appellant claims that he alleged that his plea was entered as a result of promises, threats and coercion. The transcript showed that he admitted to the court at the time of plea that he had not been threatened and that no promises had been made.

█ Even though a district judge fully complies with Rule 11, and even though the defendant at the time of entering his plea denies that he was coerced, or that promises were made to him, if thereafter he alleges coercion or promises with sufficient specificity, it is the law that ordinarily and except in unusual cases, that the district court must grant a hearing. As late as May 4, 1970 in McMann v. Richardson, 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763, the Supreme Court stated in a habeas case,

"That the petitioner was represented by counsel and denied the existence of coercion or promises when tendering his plea does not foreclose a hearing on his petition for habeas corpus alleging matters outside the state court record."

In Castro v. United States (9 Cir. 1968), 396 F.2d 345, 348, this court stated:

"But procedural compliance with Rule 11 does not foreclose a hearing in a subsequent section 2255 proceeding where facts are alleged which, if

---

* Honorable James F. Battin, United States District Judge for the District of Montana, sitting by designation.

true, establish lack of understanding of the consequences of a plea of guilty, and where such allegations cannot be conclusively resolved by reference to that record. The record of the arraignment is then 'evidential on the issue of voluntariness \* \* \* not conclusive.' See, Jones v. United States, 9 Cir., 384 F.2d 916, 917."

 However, in this case we do not reach the issues purportedly tendered by appellant. His allegations are conclusionary. He states that he was "threatened that the court had evidence" against him, and that his counsel informed him that he "had made an agreement" with the prosecutor. We cannot ascertain who made the threats or whether the alleged promise was honestly carried out.

The judgment is affirmed.