Jerry Spencer **DIAMOND**, Petitioner-Appellant,

v.

**UNITED STATES of America,**
**Respondent-Appellee.**

No. 23865.

United States Court of Appeals,
Ninth Circuit.

Sept. 18, 1970.

Jerry S. Diamond, pro. per.

Michael A. Heuer, Asst. U. S. Atty., Robert L. Borsio, Asst. U. S. Atty., Wm. Matthew Byrne, Jr., U. S. Atty., Los Angeles, Cal., for appellee.

Before BARNES, CARTER and WRIGHT, Circuit Judges.

BARNES, Circuit Judge:

Petitioner Diamond was charged with two counts of violating the Mann Act. On a compromise plea, on the advice of his appointed counsel (an experienced criminal trial lawyer), he entered his plea of guilty to the second count. Count One was dismissed.

Diamond now appeals from the denial of his motion for relief under 28 U.S.C. § 2255. The grounds urged are: *first*, that his appointed counsel refused to contact witnesses and otherwise prepare a defense, and that his attorney (in collusion with the prosecution) made threats and promises which induced petitioner to plead guilty; *second*, that petitioner at the same time was coerced to

plead guilty because of abuse and beatings administered by law enforcement officers.

The district court, while denying the petition, did not hold an evidentiary hearing. The bases for denial were as follows: (1) petitioner's statements at arraignment (under questioning in compliance with Rule 11 of the Federal Rules of Criminal Procedure by the same judge who heard the petition) denying any coercion or inducement to plead guilty and agreeing that counsel for petitioner's services had been competent and effective; (2) the court's observation of petitioner at arraignment; and (3) the affidavit of petitioner's attorney, filed by the Government in response to the petition, denying petitioner's allegations as to the attorney's conduct.

Section 2255 of Title 28 of the United States Code provides:

> "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto."

The primary legal question presented by this appeal is whether the district court erred in denying the 2255 motion without holding an evidentiary hearing —i. e., in the language of section 2255, was the district court correct in concluding that " * * * the files and records of the case conclusively show that the petitioner is entitled to no relief?" An examination of recent case law both in the Ninth Circuit and in the Supreme Court, requires us to hold that the district court was in error in not granting an evidentiary hearing on the issue of whether petitioner involuntarily pleaded guilty because of coercion by county law enforcement officers.

I.

We consider first petitioner's allegations concerning the conduct of his attorney.

█ It is well established that a 2255 or habeas corpus[1] petitioner does not have a right to an evidentiary hearing unless his allegations specifically delineate the factual basis for his claim. Meeks v. United States, 427 F.2d 881 (9th Cir. 1970); United States v. Mills, 423 F.2d 688 (9th Cir. 1970); Macon v. United States, 414 F.2d 1290 (9th Cir. 1969); Richerson v. United States, 411 F.2d 656 (9th Cir. 1969); Earley v. United States, 381 F.2d 715 (9th Cir. 1967). Not fully adjudicated, however, are the issues of just how specific such allegations must be, and when the trial or preliminary hearing record will be "conclusive" against petitioner even where his allegations are specific.

█ The Supreme Court in McMann v. Richardson, 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970) teaches that a criminal defendant may not later complain, as a grounds for collaterally attacking his conviction, that his attorney committed an "ordinary error" in his assessment of the law and facts. *Id.* at 774, 90 S.Ct. 1441.

> "[Richardson] alleged that he was beaten into confessing [his] crime, that his assigned attorney conferred with him only 10 minutes prior to the day the plea of guilty was taken, that he advised his attorney that he did not want to plead guilty to something he did not do and that his attorney advised him to plead guilty to avoid the electric chair, saying that 'this was not the proper time to bring up the confession' and that Richardson 'could later explain by a writ of habeas corpus how my confession had been beaten out of me.' " (*Id.* at 763, 90 S.Ct. at 1445).

1. For the purpose of analyzing the issues presented in the appeal, there is no compelling reason to distinguish between 2255 and habeas corpus case authority; however, the habeas cases have been earmarked.

The Court held that because the decision as to how to plead "frequently involves the making of difficult judgments" (*Id.* at 769, 90 S.Ct. at 1448), including the judgment as to whether a confession will be admissible (an issue upon which "[c]ourts and judges continue to have serious differences among themselves," *id.* at 770, 90 S.Ct. at 1448),

> " * * * a defendant's plea of guilty based on reasonably competent advice is an intelligent plea not open to attack on the grounds that counsel may have misjudged the admissibility of the defendant's confession. (*Id.*)

The judgment of the Second Circuit ordering an evidentiary hearing was vacated, and the case was remanded for reconsideration of the issue, *inter alia*, as to whether Richardson's allegations indicate that his attorney did not give him "reasonably competent advice." *Id.* at 774–775, 90 S.Ct. 1441.

█ Ninth Circuit cases, most of them decided before *McMann*, indicate a general conformance with the *McMann* reasoning: An evidentiary hearing is required only where counsel's competence or loyalty is placed in question by substantial allegations of fact.

Thus, in Hill v. Nelson, 423 F.2d 167 (9th Cir., 1970) (habeas corpus), where competence was at issue, the court decided that a " * * * failure to object to admission of a coerced confession is no basis for a claim that the attorney was incompetent." Similarly, it was held in Aguilar v. Field, 423 F.2d 271 (9th Cir., 1970) (habeas corpus), that a petitioner cannot claim inadequate representation merely because of lack of assertion of a possible defense where the petitioner himself had full knowledge of the defense and accepted his attorney's advice to plead guilty. On the other hand, where a petitioner alleged incompetence because his attorney failed to subpoena an important witness, United States v. Eaton, 416 F.2d 22 (9th Cir. 1969), a hearing was ordered. *Hill* and *Aguilar* are distinguishable from *Eaton* since they concern matters where the attorney had to make a difficult tactical judgment, whereas the failure to subpoena an "important" witness in *Eaton* was, *a fortiori*, unless mitigating circumstances were proved, a grave tactical mistake. See McMann v. Richardson, *supra*.

A case also in need of discussion is Dennis v. People, 414 F.2d 424 (9th Cir. 1969) (habeas corpus). Dennis alleged that he was encouraged to plead guilty by his attorney's erroneous advice that he would have a chance at parole if he did so. The court however, rejected his appeal for an evidentiary hearing because his allegations did not seriously call into question his attorney's undivided loyalty —i. e., petitioner did not allege any "deal" between his attorney and the court or the prosecution—and because he was informed by the court before he pleaded guilty that he would have no right to parole. *Dennis* holds that when one claims he was counseled to plead guilty based on erroneous law as to his parole rights, he is entitled to an evidentiary hearing only where the alleged facts indicate either that the alleged erroneous advice was not adequately cured by the court before plea acceptance, or that petitioner's attorney had some motivation for being disloyal to his client. See also Portillo v. United States, 427 F.2d 173 (9th Cir., 1970) (record conclusive *re* an alleged inadequate representation issue where it showed that attorney, when his client pleaded guilty at arraignment, made a conscientious effort before the judge to explain the consequences of such a plea, and made a successful effort, over the Government's initial objection, to have a more lenient charge substituted) and Aguilar v. Field, *supra*.

In the present case petitioner alleges that his appointed attorney refused to contact witnesses and otherwise prepare a defense after petitioner related his view of the facts to the attorney, and that the attorney in collusion with the prosecutor made threats and promises which induced petitioner to plead guilty. The primary threat alleged was that petitioner's attorney told him that the prosecution had stated that he might be taken to Texas to be tried because his wife was

there; the primary promise alleged was that if petitioner pleaded guilty to Count Two, Count One would be dismissed and he would get probation or an extremely light sentence, and Texas would drop its charges.

■ We think the district judge was correct in holding that these allegations do not require an evidentiary hearing. Neither the competency nor the loyalty of Diamond's attorney is seriously called into question. The fact that the attorney, upon hearing petitioner's admittedly long and detailed story, did nothing but advise him to plead guilty indicates, at worst, that the attorney erred in making the often difficult judgment of whether or not to advise his client to plead guilty. As we have stated, that is not, without more, grounds for an evidentiary hearing. See McMann v. Richardson, *supra*; Aguilar v. Field, *supra*. Furthermore, assuming the truth of the allegation respecting a "threat" of the possibility of a trial in Texas, it is unreasonable to believe that said "threat" was anything more than a common message from the prosecutor relayed to petitioner through his attorney (hardly a basis supporting the general allegation of petitioner that his attorney was in collusion with the federal prosecution, to wrongly coerce the petitioner to plead guilty), and, therefore, not grounds for an evidentiary hearing, particularly in light of the fact that the attorney's loyalty was demonstrated by making good on his "promise" to arrange a compromise plea and a relatively light sentence.[2] Thus, because of the frivolousness of petitioner's allegations, the district judge was not in error

in denying a hearing on the issue of the attorney's conduct or misconduct. See Dennis v. People, *supra*; Portillo v. United States, *supra*.

## II.

We next consider petitioner's allegation that he was coerced to plead guilty by county law enforcement officers.

■ Rule 11 of the Federal Rules of Criminal Procedure requires that a court shall not accept a guilty plea until it has taken great care to see that the criminal defendant is entering his plea voluntarily and with knowledge of the consequences. Where, however, a petitioner alleges that he was coerced to plead guilty through the use of force, threats, or unkept promises, a record of compliance with Rule 11 does not *conclusively* establish the case against petitioner. United States v. Tweedy, 419 F.2d 192 (9th Cir. 1969); Coleman v. Wilson, 401 F.2d 536 (9th Cir. 1968) (habeas corpus); Castro v. United States, 396 F.2d 345 (9th Cir. 1967); Anthony v. Fitzharris, 389 F.2d 657 (9th Cir. 1968) (habeas corpus); Jones v. United States, 384 F.2d 916 (9th Cir. 1967); *See* Machibroda v. United States, 368 U.S. 487, 494–495, 82 S.Ct. 510, 7 L.Ed.2d 473 (1962).[3]

At least two Ninth Circuit cases have indicated that, although the Rule 11 record is not conclusive respecting coerced guilty plea claims, certain information supplementing that record will justify the denial of a hearing. In Austin v. United States, 408 F.2d 808 (9th Cir. 1969) (Merrill, J., dissenting), it was held that, assuming the truth of petitioner's allegation that his guilty plea was

---

2. Petitioner was given a three-year sentence under a statute providing for a maximum penalty of five years imprisonment and a $5,000 fine. 18 U.S.C. §§ 2421, 2422.

    Apparently the state charges were not dropped (although that is not made clear in petitioner's allegations, but the fact that the alleged promise of lenient treatment was substantially carried out is a sufficient demonstration of loyalty and competence to support denial of a hearing on the adequacy of representation.

3. Language in Earley v. United States, 381 F.2d 715 (9th Cir. 1967), is inconsistent with this established rule (having been so established by the Circuit Court en banc in Castro v. United States, *supra*—albeit dictum—which cites Jones v. United States, *supra*, with apparent approval), but the case is not inconsistent on its facts since an alternative ground for the decision was that the allegations were vague and conclusionary.

induced by the unkept promises of F.B.I. agents, there were other motivating factors for the guilty plea, and that the fact that petitioner on appeal admitted his guilt made a hearing unnecessary. More recently, in United States v. Tweedy, *supra,* denial of a hearing was affirmed in the face of allegations that promises of leniency coerced the guilty plea, where petitioner was well-informed at the time of his plea of the possible penalty and where petitioner had earlier sent letters to the district judge which were inconsistent with petitioner's present claim.

Our case does not fall within either the *Austin* or *Tweedy* exceptions. Diamond's allegations are that he pleaded guilty as a result of the threats and promises of his attorney (matters discussed and sufficiently resolved against petitioner, *supra*), *and* as a result of the physical violence perpetrated upon him by "L.A. Sheriff Officers" in the "Los Angeles County Jail" on and after "Jan. 3, 1966" while he was being held for federal prosecution. He pleaded guilty on January 17, 1966, after, according to petitioner, being held in "disciplinary confinement" without good reason from January 3rd until January 15th. He currently neither admits his guilt nor is there any clear evidence that he has acted inconsistently with his present claim.

The remaining question then, is whether his allegations concerning coercion by the county law officers are specific enough to justify an evidentiary hearing.

In Meeks v. United States, 427 F.2d 881 (9th Cir., 1970), this court recently held that allegations that a guilty plea was entered as a result of "promises, threats and coercions" were conclusionary since there was no naming of the person who made the "promises, threats and coercions" and no indication as to whether the alleged promise was carried out. In Earley v. United States, *supra,* petitioner's allegations, summarized in pertinent part by the court as "that his guilty plea was coerced, because of an alleged promise of leniency by the United States Attorney," were likewise held to be vague and conclusionary. Although the promisor was named in *Earley,* as in *Meeks,* there was apparently no allegation as to whether the alleged promise was carried out. Furthermore, in both cases there was apparently no specificity as to the nature of the promise.

It is thus reasonable to conclude from *Meeks* and *Earley* that the specificity required for a hearing includes (1) the naming, or description, of persons involved; (2) an account of the relevant acts or conduct of such persons; (3) an account of the time and place where such acts or conduct took place; and (4) a statement of how such acts or conduct prejudiced the petitioner.

We think that petitioner's allegations respecting the conduct of the law enforcement officers, and the resulting effect of such conduct on his decision to plead guilty, are sufficiently specific to require a hearing to determine whether they are true or figments of petitioner's imagination. He describes the persons involved as "L.A. Sheriff Officers," a description that may be as specific as can be expected considering petitioner's confinement when he filed this petition; he describes in detail the complained of conduct; [4] he states when and where

---

4. Tr. of Rec. 39 (Spelling and grammatical errors uncorrected.) : "[P]etitioner was for no reason put in displinary confinement, he was starved, forced to sleep on a cold cement floor, without any blankets, and each day he was taken out and viciously beaten, Officers would put bars of soap in a sock and beat petitioner about the head and back, on one occasion petitioner was striped knecket and an officer forced a trustee to sexual entercourse petitioner in the rectum, while they stood looking on, dranking liquor and making mockery, they informed petitioner if he did not let said trustee entercourse him in the rectum, they would kill petitioner, Petitioner was released from displinery confinement on Jan. 15, 1966."

the acts took place; [5] and, finally, he alleges prejudice, as follows: "he pleaded guilty under coercion to wit: That, because of the consentent beatings and rape of petitioner he was in fear of his life." (Spelling and grammatical errors uncorrected.) (Tr. of Rec. 40.)

In rejecting the petition without an evidentiary hearing, the district judge relied in part on the fact that he had observed petitioner at arraignment and sentencing. Whether or not petitioner had been beaten with soap in a sock several days before he appeared before the judge would not *necessarily* have been apparent to the judge. Where, as here, the record does not *conclusively* rebut petitioner's allegations, inconclusive in-court observation of petitioner cannot be the basis for denying the petition without an evidentiary hearing. Sanders v. United States, 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963).[6]

In deciding this case, the court has in mind the difficult problem facing trial judges in determining whether an evidentiary hearing is required by particular 2255 or habeas petitions. Such petitions are both numerous and, in a great majority of cases, frivolous; moreover, they are quite diverse, making it difficult for appellate courts to define precisely when a hearing must be held.

We hold that on the record before the district court it was error to deny petitioner an evidentiary hearing on the issue of whether he was coerced to plead guilty because of physical abuse administered by county law enforcement officers. Accordingly, we vacate judgment of the lower court and remand for further proceedings consistent with this opinion. (This revised opinion supersedes the original opinion filed by this same panel on February 18, 1970; appearing in 9 Cir., 422 F.2d 1313.)

---

5. Petitioner also describes his general place of confinement as the "Los Angeles County Jail" and indicates that the alleged abusive conduct began on "January 3, 1966" when he was allegedly approached by County officers and informed: " 'You niggers wasn't satisfied with burning down half of Los Angeles doing the riot, * * * ' " etc. (Tr. of Rec. 39.)

6. The Supreme Court in *Sanders* reasoned: "Whether or not petitioner was under the influence of narcotics would not necessarily have been apparent to the trial judge. * * * That the judge may have thought that [*Sanders*] acted with intelligence and understanding in responding to the judge's inquiries cannot 'conclusively show,' as the statute requires, that there is no merit in [*Sanders'*] present claim." (373 U.S. at 20, 83 S.Ct. at 1079.)