Samuel **WEINSTEIN**, Petitioner,

v.

**UNITED STATES** of **America**, **Respondent.**

Civ. No. 69–492.

United States District Court, C. D. California.

March 23, 1971.

Samuel Weinstein, in pro. per.

Robert L. Meyer, U. S. Atty., Irving Prager, Asst. U. S. Atty., Los Angeles, Cal., for respondent.

ORDER DENYING MOTION TO VACATE AND SET ASIDE SENTENCE PURSUANT TO 28 U.S.C. § 2255

HAUK, District Judge.

Petitioner, Samuel Weinstein, is a prisoner at the United States Penitentiary at McNeil Island following a conviction in 1966 in the United States District Court, New Mexico District, of conspiracy to violate the marijuana laws, 21 U.S.C. § 176a and 26 U.S.C. § 7237 (b). On May 23, 1955, Petitioner was sentenced in the United States District Court, Southern District of California, Central District, to two years imprisonment and fined $2,000 for failure to pay the transfer tax on marijuana as required by 26 U.S.C. § 4744(a). Execution of the judgment was suspended, and Petitioner was placed on probation for five years.

He seeks in this Motion to vacate the 1955 judgment of conviction pursuant to Section 2255 of Title 28, United States Code. He appears in propria persona.

Allowed to proceed in forma pauperis, Weinstein seeks to set aside his sentence on the following grounds: (1) that his arrest was unlawful; (2) that thereafter evidence was seized by illegal searches; (3) that his guilty plea was not valid because he had not been advised that he would have had a valid defense at a trial; and (4) that his guilty plea was invalid because the trial Court did not inform him that a conviction based on such a plea could be used against him to enhance punishment in any subsequent narcotics conviction under the Federal Narcotics Laws. In a Supplement to the Motion, he further claims that his conviction violated his privilege against self-incrimination under the holding in Leary v. United States, 395 U.S. 6, 89 S.Ct. 1532, 23 L.Ed.2d 57 (1969).

At the outset, it appears that his first two contentions concerning the legality of the arrest and subsequent searches are merely conclusionary. He states that Federal Narcotics Officers refused to produce a warrant when they stopped

Petitioner, and also at the time of the search of his vehicle and later of his house. He further states that the marijuana which was taken from the car was not in plain sight. The original file in the attacked conviction, Crim. No. 24198, includes records from the United States Probation Office. In a letter to that Office, dated May 17, 1955, Petitioner made a brief statement of the circumstances surrounding his arrest. The letter, admitting that he knew he was doing wrong, says that he was stopped shortly after he left the home of his codefendant, Diaz, where he had obtained the marijuana.

■ From this meager information, it is impossible to determine whether a warrant, in fact, existed, or whether there was probable cause to justify the arrest and searches incident thereto. Failure to state facts will not sustain a claim of illegal arrest, search and seizure. Meeks v. United States, 427 F.2d 881 (9th Cir. 1970).

■ Nevertheless, even if it were factually alleged that there were defects in the arrest and searches, the Ninth Circuit, by whose rulings we are bound, has repeatedly held that "conviction and sentence which follow a plea of guilty are based solely and entirely on said plea, and not upon any evidence which may have been improperly acquired by the prosecuting authorities." Thomas v. United States, 290 F.2d 696, 697 (9th Cir. 1961); Norris v. Wilson, 378 F.2d 324, 326 (9th Cir. 1967); Davis v. United States, 347 F.2d 374, 375 (9th Cir. 1965). Since Petitioner stands convicted on his guilty plea alone, collateral attack, such as on the legality of his arrest, is foreclosed. Alaway v. United States, 280 F.Supp. 326, 332 (C.D.Cal. 1968).

On the same reasoning, that the conviction is based solely on the guilty plea, Petitioner may not here attack the alleged illegality of the searches, especially since any evidence obtained thereby was not used against him. In the instant case, Weinstein was represented by counsel of his own choosing, as was the situation in Thomas v. United States, *supra*, and Alaway v. United States, *supra*. He is here precluded from questioning matters of probable cause, legality of search and seizure, and is restricted to considering whether his plea was voluntarily and knowingly made. Burton v. United States, 307 F.Supp. 448 (D.C.Ariz. 1970). His other claims are totally irrelevant to his present Motion to Vacate the Conviction under 28 United States Code, Section 2255.

Petitioner does not claim that his guilty plea was based on the above mentioned evidence, nor that the evidence induced the plea or in any manner made it involuntary, Fenstermaker v. United States, 392 F.2d 554 (9th Cir. 1968), although he claims that he had a valid defense based on this violation of his constitutional rights. On the contrary, he alleges that he pleaded guilty on the advice of his attorney with the understanding that he would receive probation. He did actually, on the suspended sentence, receive probation which he fully and satisfactorily completed (Pet. p. 3).

He does not attempt to claim inefficiency or incompetence of counsel in connection with his plea, and none is shown. When a defendant waives his State Court remedies and admits guilt, he must assume the risk of ordinary error in either his or his attorney's assessment of the law and facts. Because of the inherent uncertainty in guilty-plea advice, such as the admissibility or inadmissibility of evidence, it is a highly speculative matter which would not likely raise an issue which would be productive of probative evidence on a hearing held this long after a plea of guilty. McMann v. Richardson, 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970). No showing is here made that the evidence questioned would have been admitted or excluded at a trial, nor is there any showing that his will was overborne at the time of entry of the plea.

The proceedings at the time of entry of plea are not before the Court. In a memorandum from Court Reporter Ag-

nar Wahlberg, dated July 14, 1969, it is stated that the Reporter who took the proceedings at that time has been dead for over 10 years and his notes are not available. The transcript of proceedings at the time of sentence show a statement by the Deputy District Attorney pointing out Petitioner's willingness to cooperate, says that immediately upon his arrest he told the Narcotics Agents he was willing to go with them to show where he had obtained the narcotics (Tr. pp. 7–8). This record, and the letters on his behalf in the Probation Office file previously mentioned, received before sentence was pronounced, make it very clear that his guilty plea was entered with the hope of getting probation. This hope was realized. There is no allegation or showing that he did not enter the plea willingly and knowingly because he was guilty, so no hearing on this point is necessary. Aguilar v. Field, 423 F.2d 271 (9th Cir. 1970).

■ The recent trilogy of cases involving guilty pleas makes it plain that the Supreme Court of the United States recognizes the presumptive validity of such a plea entered by a counselled defendant in the hope of receiving a less severe penalty, even though counsel may have been in error about the admissibility of evidence. As stated in Brady v. United States, 397 U.S. 742, 751, 90 S.Ct. 1463, 1470, 25 L.Ed.2d 747 (1970):

"We decline to hold, however, that a guilty plea is compelled and invalid under the Fifth Amendment whenever motivated by the defendant's desire to accept the certainty or probability of a lesser penalty rather than to face a wider range of possibilities extending from conviction to acquittal, and a higher penalty authorized by law for the crime charged."

Here the choice was probation instead of a prison term. See also McMann v. Richardson, 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970) and Parker v. North Carolina, 397 U.S. 790, 90 S.Ct. 1458, 25 L.Ed.2d 785 (1970).

■ Petitioner's next argument in support of his claim that he was not advised of the consequences of his plea is unique, but without merit. Although Rule 11 was not in effect at that time, it was still incumbent on the Judge to ascertain that the defendant knew the possible penalties which might be imposed for the charged offense to which the plea was made. There is no contention that this was not done. Rather Petitioner would have us hold that he must be told of all possible collateral consequences which might ensue from a plea of guilty or from a conviction, since the results collaterally in the future are the same. No authority is cited to support him.

■ It is true that the present sentence he is serving on a narcotics charge was enhanced because of this 1955 narcotics conviction on his plea of guilty, but we know of no ruling in this or any other Circuit that he should have been advised of this possibility before entering the original plea. We agree with the holding in Fee v. United States, 207 F.Supp. 674, 676 (W.D.Va.1962):

"To the best of my knowledge it has never been suggested that the court * * * is under any duty to warn of such a possible result. [They] have a right to assume that the defendant will not be guilty of a subsequent offense * · * * "

Finally, Petitioner's reliance on Leary v. United States, *supra,* as set forth in his Supplement, is misplaced. That case dealt with the unconstitutionality of a presumption which violated the privilege against self-incrimination. A companion case, United States v. Covington, 395 U.S. 57, 89 S.Ct. 1559, 23 L.Ed.2d 94 (1969), specifically found that the section involved here, 26 U.S.C. § 4744(a), was similarly defective. The Fifth Amendment would be a complete defense, although those rights may be waived, and it has been held that a guilty plea is an affirmative waiver of such rights. United States v. Weber, 429 F.2d 148 (9th Cir. 1970).

In the instant case, we cannot hold that there was a waiver, because an accused cannot waive a right of which he is ignorant, nor could he possibly have anticipated a ruling which was made 14 years later. Nevertheless, a guilty plea is not involuntary under the Fifth Amendment where, as here, it was motivated by the desire for the probability of a lesser sentence. Brady v. United States, *supra*. Further, as *Brady* states 397 U.S. at page 757, 90 S.Ct. at page 1473:

> "[A] voluntary plea of guilty intelligently made in the light of the then applicable law does not become vulnerable because later judicial decisions indicate that the plea rested on a faulty premise."

The Petition, Supplement, Response, files and records conclusively show that Petitioner is entitled to no relief and no hearing is necessary. 28 U.S.C. § 2255.

It is therefore hereby ordered that the Motion pursuant to 28 U.S.C. § 2255 be, and the same is, hereby denied.