**James Delbert SMITH, Petitioner-Appellant,**

v.

**UNITED STATES of America, Respondent-Appellee.**

**No. 26176.**

United States Court of Appeals, Ninth Circuit.

Jan. 27, 1972.

James Delbert Smith, in pro. per.

Bart M. Schouweiller, U. S. Atty., Reno, Nev., for appellee.

Before ELY, WRIGHT and CHOY, Circuit Judges.

PER CURIAM:

This is the second time that Smith has come to this court on appeal from a District Court's denial without a hearing of his motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. The facts relating to his passage through the courts prior to filing the instant motion are set out in full in our first opinion. Smith v. United States, 409 F.2d 1188, 1189 (9th Cir. 1968). There is no need to restate them here.

In the instant action, Smith raises ten claims, five of which were made in his previous case. We affirm the District Court's denial of all claims.

1. In Smith's original § 2255 motion, he claimed that his rights under Rule 48(a), Fed.Rules Crim.Proc., were abridged by a dismissal of a count against him at trial without his permission. The district judge dismissed the claim without a hearing, finding it to be frivolous, since absolutely no prejudice was shown. The judge need not have entertained a claim previously determined where, as here, he found that the ends of justice would not be served. "Prior determination" usually requires a "prior hearing." However, a "determination" may also result, absent a hearing, where the face of the record conclusively shows that the claim lacks merit. Sanders v. United States, 373 U.S. 1, 16, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963). Moreover, the district judge here specifically found that the ends of justice would not be served by giving a rehearing. Gomez v. United States, 396 F.2d 323 (9th Cir. 1968).

2. The district judge below properly dismissed Smith's claim that his counsel was ineffective. The prior proceeding under § 2255 determined the merits of this claim against Smith.

3. The conflict of interests claim was properly dismissed for the same reason.

4. The improper substitution of counsel claim was properly dismissed for the same reason.

5. The claims regarding the parole violation warrant were properly dismissed for the same reason.

■ 6. Smith's new claim of collusion between his attorney and the prosecutor was baldly conclusionary, justifying dismissal under Diamond v. United States, 432 F.2d 35 (9th Cir. 1970).

■ 7. Smith's claims of "broken promises" by the prosecutor were too vague, general and conclusionary to require a hearing. Diamond v. United States, *supra*, 432 F.2d at 39–40. Without specific details, the District Court below properly refused to reach the merits of this contention. Cf. Sasser v. United States, 452 F.2d 1104 (9th Cir. Jan. 3, 1972).

■ 8. The claim of double jeopardy is conclusively meritless on its face and was properly dismissed. Walker v. Johnston, 312 U.S. 275, 61 S.Ct. 574, 85 L.Ed. 830 (1941); *See* United States v. Doyle, 348 F.2d 715, 720–721 (2d Cir. 1965).

9. The claim based on an alleged right of inspection of a presentence report is conclusively meritless on its face and was properly dismissed.

■ 10. Smith's claim that his presentence report contained gross and pervasive errors is baldly conclusionary, general and vague. Summary dismissal was proper.

Affirmed.

ELY, Circuit Judge (dissenting):

I cannot accept the majority's disposition of this appeal. My disagreement relates to only two of the claims on which Smith has undertaken to obtain an evidentiary hearing. The first is his allegation that he was deprived of the effective representation of counsel, and the second is that he was induced to plead guilty by the promise, ultimately unfulfilled, that the sentences would be concurrent, rather than consecutive.

Assuming that the allegations in respect to the two significant constitutional claims were imperfect, the District Court might, in the circumstances, have allowed Smith, a prisoner undertaking to represent himself, to amend his pleadings so as to endow them with the hypertechnical specificity which my Brothers would require. Now, it can be expected that Smith will file another petition, outlining, in even greater detail, the bases of his claims, and this will add yet another case to the docket of the District Court and ultimately, perhaps, to the burgeoning docket of this court.

It is not difficult to perceive the two principal contentions made by Smith, and, in fact, his allegation in support of one of them is quite specific. Smith alleged ". . . a concurrent sentence was promised by . . . [the] Assistant United States Attorney. . . ." Cf. Santobello v. New York, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971), wherein the Chief Justice, for the Court in unanimous agreement on this point, wrote:

"[A] constant factor [in determining whether a defendant received what he was reasonably due] is that when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled."

404 U.S. at 262, 92 S.Ct. at 499, 30 L.Ed. 2d at 433. The promise of concurrent sentences would obviously be significantly inducing to an accused charged with two felonies and considering the advisability of pleading guilty to both. Thus, if Smith could prove that the alleged promise was made and then broken, he would be entitled to relief under the principles so recently set forth in *Santobello*.

I have no doubt that Smith can eventually frame his allegations so as to require that an evidentiary hearing be conducted. I would, therefore, if I could act alone, reverse the judgment, suggesting, at the same time, that the District Court appoint counsel to assist Smith in the amendment and presentation of his petition.